## GEORGE KLEIN *v.* STATE OF MARYLAND

*Bastardy Proceeding — Agreement of Counsel — Advisory Instructions—Review—Necessity of Specific Exceptions— Merger of Offenses—Motion for New Trial—Disqualification of Judge—Error in Sentence—Record Remitted.*

A prosecution for bastardy may be brought where the father or the child lives, or where the intercourse resulting in the illegitimate birth occurred.          pp. 487, 488

That, in a bastardy case, although the counsel had agreed that the child should not be present at the trial, the child was in the court room on the day of the trial, while some of the jurors were there, was immaterial, the child having been removed half an hour before the swearing of the jury.        p. 488

While, under Md. Const., art. 15, sec. 5, juries in criminal cases are the judges of both the law and the facts, and hence the court cannot give binding instructions, nevertheless the court may give advisory instructions at the request of either counsel or of its own motion.        p. 489

Where a jury, which had been trying civil cases exclusively, after having been sworn in a criminal case, but without specific reference to that case, were told by the court at length as to their duties in criminal as distinguished from civil cases, the court's remarks, covering five pages of the record, could not be reviewed when the exception thereto was merely general and failed to point out the parts alleged to be erroneous.  pp. 489, 490

On a prosecution for bastardy, the evidence as to the act of intercourse *held* not to show the commission of a rape with sufficient certainty to justify the application of the doctrine of merger of a less offense in a greater, assuming that that doctrine still prevails in Maryland.        p. 491

Where, on a prosecution for bastardy, during the reading of a letter from prosecutrix in regard to her troubles with her divorced husband, she asked that a statement therein as to the alimony granted her be not read, that the court said: "That isn't evidence," did not involve error.        p. 492

That one of the judges who sat on the hearing of a motion for a new trial, in a case tried three times, had presided at a previous trial, and stated that he thought that the evidence at that trial called for a verdict of guilty, did not disqualify him to sit at such hearing, he also stating that he had no prejudice against the traverser, and that he would pass merely on possible errors by the judge who presided at the last trial.    pp. 492, 493

The trial court has no power, in a bastardy proceeding, to suspend sentence, and at the same time parole the prisoner to pay a named sum monthly.        p. 494

When the judgment in a criminal case is reversed for error in the form of the sentence, the Court of Appeals will, by authority of Code, art. 5, sec. 87, remit the record in order that a proper judgment upon the conviction may be entered.     p. 495

*Decided December 1st, 1926.*

Appeal from the Criminal Court of Baltimore City (ULMAN, J.).

Bastardy proceeding against George Klein. From a judgment of conviction, the defendant appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Abram C. Joseph,* with whom was *Daniel C. Joseph* on the brief, for the appellant.

*Herbert Levy, Assistant Attorney General,* and *Rowland K. Adams, Deputy State's Attorney for Baltimore City,* with whom were *Thomas H. Robinson, Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* on the brief, for the State.

WALSH, J., delivered the opinion of the Court.

George Klein, the appellant, was indicted and tried in the Criminal Court of Baltimore City on a charge of bastardy, and, the trial having resulted in his conviction, he has taken this appeal. The testimony shows that the prosecuting witness, Helen J. Sowers, a divorcée, thirty-three years of age, entered the employ of The Greenwald Packing Corporation in Hagerstown as a bookkeeper in July, 1923, and remained with this company for six or eight months. She testified that the traverser, who was local manager, made overtures to her on the first day of her employment and frequently thereafter, but that she successfully resisted his advances, except on an occasion on Sunday, December 2nd, 1923, when she alleges he had relations with her, which resulted in her

pregnancy and the subsequent birth of a child.   During the morning of the day in question the prosecutrix, the traverser, and various other employees of The Greenwald Packing Corporation, were engaged in taking inventory, but the prosecutrix stated that when she returned after lunch only the traverser was there; that about three o'clock he came to the cage in which she was working, and upon her refusal to accede to his requests he forcibly had intercourse with her. She further stated that she remained in the store until five o'clock, did not tell her mother of the occurrence until the following day, did not tell any one else about it at all, continued working for the company until discharged about the middle of January, 1924, did not know she was pregnant until the following June, and did not try to communicate with the traverser about the matter until after the child was born on August 23rd, 1925.   The traverser on his part denied that he ever had relations with the prosecutrix; and, though admitting that he helped take the inventory on the morning of December 2nd, he produced evidence to show that he left Hagerstown and went to Baltimore on the three o'clock bus that afternoon.   The case was tried three times below, each trial resulting in a verdict of guilty, but on the first two occasions the Supreme Bench of Baltimore City granted the traverser a new trial.   On the third occasion his motion for a new trial was overruled, and the trial court thereupon passed an order suspending sentence and paroling the appellant to pay fifteen dollars a month for fourteen years, and from this sentence, judgment and order this appeal is taken.

During the course of the proceedings below the traverser demurred to the indictment, filed a motion in arrest of judgment, and excepted to ten rulings on various other matters; and he also now objects to the form of the sentence imposed. No mention is made of the demurrer in the appellant's brief, and at the argument it was stated that though he did not wish to press it he did not abandon it.   The demurrer apparently sought to raise the question of venue, the act of intercourse having occurred in Washington County, the child having

been born in Baltimore County, and the prosecution being brought in Baltimore City. It was held in *State v. Hardesty*, 132 Md. 172, that a prosecution for bastardy in Maryland could be brought where the father or child lived, or where the intercourse which resulted in the illegitimate birth occurred, and as the indictment alleged and the evidence showed that the appellant, at the time this prosecution was brought, resided in Baltimore City, the criminal court there undoubtedly had jurisdiction. We accordingly find no error in the overruling of the demurrer.

The first exception arose in this way: Counsel for the State and the traverser agreed in the presence of the court that the illegitimate child should not be present in court at the trial. On the day of the trial, the child was brought into court and remained there until 10:30 A. M., and it also appeared that some of the jurors were in the court room for half an hour or longer before the child was removed. When counsel for the traverser objected to the child's presence, the judge ordered its removal and directed the trial to proceed. The record then states that the traverser objected to this action of the court and took an exception. We find no error in the court's action. The record shows that the child was removed half an hour before the jury which tried the case was sworn, so that, strictly speaking, the child was not present at any stage of the trial; it was only there prior to the trial. In addition to this, the judge ordered its removal as soon as its presence was called to his attention, so that the only thing the traverser could possibly have objected to was the court's direction that the case proceed to trial after the child had been removed. It would seem to be obvious that such an objection cannot be sustained. Without the agreement the child could properly have been at the trial, and its inadvertent presence for a short time before the trial certainly cannot constitute reversible error. And in fairness to counsel for the State, we deem it proper to say that they explained that the child was present without their knowledge, and their statement in this regard is not questioned by counsel for the traverser.

The second exception was taken generally to certain preliminary remarks which the trial judge addressed to the jury. It seems that the jury which heard the case had been engaged in the trial of civil cases, and after the jury was sworn, but before anything further was done, the court undertook to advise the jury of some of the differences between their duties in a criminal case and in a civil case in Maryland. He called their attention to the presumption of innocence which surrounds the accused in a criminal case, discussed the degree of proof needed for a conviction, gave an explanation of the doctrine of reasonable doubt, told them several times that they were the judges of both the law and the facts in a criminal case, and concluded with the statement that all he had told them was merely advisory and that the jury, being judges of both the law and the facts, were not bound by what he had said. At the conclusion of these remarks, which cover nearly five pages in the record, counsel for the traverser objected to them generally, and then excepted to the court's action in overruling his objection. At the argument in this court it developed that the real objection was to some of the comments which the learned court below made regarding the doctrine of reasonable doubt, and counsel for the appellant has strongly urged that that part of the court's discussion of this doctrine was erroneous. However, as we do not think this question is properly before us, we will not undertake to decide it. Under the Constitution of Maryland (section 5 of article 15), juries in criminal cases are the judges of both the law and the facts, and hence the court cannot give them binding instructions in such cases. But the judges can give them advisory instructions and, though juries are not bound by them, the practice of giving such instructions at the request of either party has long been sanctioned in Maryland; and they may also be given by the court of its own motion without any request from either party. *Simond v. State,* 127 Md. 29, 40; *Beard v. State,* 71 Md. 275; *Bloomer v. State,* 48 Md. 521; *Forwood v. State,* 49 Md. 531.

And it has also been held "that if the court does instruct

the jury and does so erroneously, and exception is taken, and the jury have manifestly, followed that instruction to the plain injury of the prisoner, he is entitled to have the injury remedied on appeal. *Swann v. State,* 64 Md. 423, 425.

The foregoing have been established as the rules and principles which should govern the giving of instructions to juries in criminal cases in Maryland. The difficulty in the present case, however, is found in the failure of the appellant to point out the specific instructions to which he objected. Much of what the judge said was clearly favorable to and in the interest of the traverser. A large part of what was said about reasonable doubt was read from a well-known work on criminal evidence, and everything was said before the jury knew anything about the particular case they were to decide. It was simply an effort by the trial judge to point out to a jury, experienced in trying civil cases, the larger duties which devolved upon them in the trial of criminal cases in Maryland, and the increased degree of proof necessary to find against a defendant. Whether such a practice is commendable or not we will not say, but where it has been followed, and the party complaining fails to point out to the judge giving the advisory instruction the parts to which he objects, and thus give the judge an opportunity to pass on the propriety of the particular part challenged, we do not think we should undertake to pass upon it in this court. And this is especially so where, as in this case, the instructions given did not refer in any way to the specific offense of which the traverser was accused, but dealt only with the duties performed by criminal juries in this state, and with those general principles of criminal law which operate chiefly in favor of the accused. And, finally, we wish to say that we are not to be understood as holding that there was error in any part of these preliminary and advisory instructions. We simply hold that the general exception taken by the traverser did not properly raise that question.

At the conclusion of the testimony of the prosecutrix, and again at the end of the State's case, the traverser moved to

strike out all the testimony regarding the alleged act of intercourse occurring on December 2nd, 1923, on the theory that the evidence showed that this act was a rape, and that hence the offense of bastardy charged in the indictment in this case was merged in the greater offense; and the court's action in overruling these motions constitute the subject of the fourth and a half and sixth exceptions.

The following statement of and comment on the doctrine of merger is found in 16 *C. J.*, p. 59, par. 10: "The merger of one offense in another occurs when the same criminal act constitutes both a felony and a misdemeanor. In such a case, at common law, the misdemeanor is merged in the felony, and the latter only is punishable. This doctrine applies only where the same criminal act constitutes both offenses, and where there is identity of time, place and circumstances. Moreover, the offenses must be of different grades, and the rule does not apply where both offenses are felonies or misdemeanors. In most jurisdictions the rule of merger, as formerly existing at common law, has been to a great extent abrogated and confined to very narrow limits, and in England and some of the United States it has been abolished by statute." Section 554 of article 27 of the Code abolishes the doctrine of merger as to statutory felonies in Maryland, and even if it still applies to common law felonies in this state, there would be no tendency by this Court to disregard any of the rules which govern its application. It does not seem to be a doctrine which is much favored in the law and, without further discussing it, we deem it sufficient to say that in our opinion the evidence in this case failed to show the commission of a rape with sufficient certainty to justify the application of the doctrine. This conclusion renders it unnecessary to consider the State's contention that the appellant's motions did not properly raise the question of merger.

The third, fifth and seventh exceptions relate to rulings on evidence. A careful examination of these rulings fails to disclose any error and, as the appellant has not seriously pressed his objections to them, we will not prolong this opinion with a detailed examination of them.

The fourth exception was taken to a remark made by the court during the reading of a letter written by the prosecutrix to a judge in Baltimore city about her marital troubles with her former husband. This letter contained a reference to the amount of alimony originally allowed her, and when counsel read this amount the prosecutrix said: "Don't read the amount out, please," and the court said: "That isn't evidence," and counsel then read the balance of the letter. We are unable to see how this remark injured the appellant. It obviously referred only to the statement in the letter concerning the amount of alimony allowed the prosecutrix in her divorce suit against her husband, and whatever may be said as to the relevancy of the other parts of the letter, concerning which we have grave doubts, there can be no question as to the total irrelevancy of the amount of alimony she received or was supposed to receive from her husband. We accordingly find no error in this ruling.

The eighth exception was taken to the participation of Judge Duffy, who had presided at one of the previous trials, in the deliberations of the Supreme Bench of Baltimore City on the appellant's motion for a new trial in this case, and the ninth exception was taken to the action of the Supreme Bench in overruling the motion for a new trial. The objection to Judge Duffy's taking part in the hearing and decision of the motion for a new trial is based on his statement that at the trial held before him he thought the traverser was guilty and had been properly convicted, and the further statement "and my attitude of mind is that way still, but in this motion for a new trial I will pass on errors *vel non* of Judge Ulman, who sat in the case." It is the universal practice for the trial judge himself to participate in the hearing of the motion for a new trial before the Supreme Bench of Baltimore City, and in the counties only the judge or judges who presided at the trial act upon motions for a new trial. Necessarily the presiding judge will almost always form an opinion about a jury case tried before him, and the theory that the existence of such an opinion disqualifies him from passing

on a motion for a new trial cannot be sustained.   The appellant contends, however, that Judge Duffy's opinion was formed and continued on the strength of what he heard on a previous trial, and that hence he was disqualified to pass upon the merits of the present case, in which the appellant alleges the testimony was different in several material particulars from that adduced in the trial before Judge Duffy. We cannot accede to this view in the present case.   Judge Duffy stated in the record that he had no personal prejudice against the traverser, and only meant by his remarks that in the trial before him he thought the traverser was properly convicted.   Under these circumstances we do not think Judge Duffy was disqualified.   See *Charles County v. Wilmer,* 131 Md. 175-181.

In discussing the ninth exception, the appellant brings in again the question of Judge Duffy's alleged disqualification, and also seems to think some injustice was done him because the time for arguing the motion for a new trial was limited to thirty minutes a side, one or more of the judges stating that as they had heard the case twice before they were all familiar with the facts.   These matters, so far as the ninth exception is concerned, are not before us.   This exception was simply taken to the action of the Supreme Bench in overruling the motion for a new trial, and it has been repeatedly held that no appeal lies from the action of the trial court on a motion for a new trial.   *Dunn v. State,* 140 Md. 163, etc.

We have carefully examined all of the many assignments of error urged by the appellant, and in none of them do we find anything which would justify our sending this case back for a new trial.   It may be that the testimony of the prosecutrix is, as alleged by the appellant, improbable, but three separate juries have convicted him, and this Court has no power to disturb these findings.

It was stated at the argument in this court that since the trial below the alleged illegitimate child has died, and hence it is unnecessary to determine whether chapter 442 of the

Acts of 1924 (section 5 of article 12 of the Code), which extended the period, during which an illegitimate child should be supported, from twelve to fourteen years, applies to the traverser in this case. Nor is it necessary to consider the motion in arrest of judgment. No reason for the granting of this motion has been suggested by the appellant, and as none occurs to us we find no error in the overruling of the motion by the lower court.

Under the decision of this Court in the case of *Kelly v. State,* 151 Md. 87, the form of sentence imposed in this case must be held incorrect, and the record will accordingly be remitted in order that a proper judgment upon the conviction may be entered. See section 87 of article 5 of the Code. *Goeller v. State,* 119 Md. 68; *Cochran v. State,* 119 Md. 557.

For the reason heretofore given, the judgment must be reversed and the record remitted.

*Judgment reversed; order filed.*