## ODEN *v.* STATE

[No. 12, September Term, 1960.]

*Decided October 14, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Norman Hochberg* for the appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Russell J. White, Assistant State's Attorney,* on the brief, for the appellee.

246

PER CURIAM.

Appellant, convicted of burglary by the court sitting without a jury, claims that the evidence was insufficient to justify the finding of guilt.

The premises burglarized were those of a vending machine company, and the property stolen was a large number of coins contained in cloth bags. On the day after the breaking and entering, appellant and his brother deposited many coins in a bank, and were arrested soon after. In their possession were two cloth bags definitely and convincingly identified by an official of the vending machine company as having been taken in the burglary. The witness was particularly sure of the identification as to one of the bags because it had on it two mended areas circled by a pencil marking and a mark which looked like the initial "L" inverted. He had handled that bag the day before the night of the burglary.

Recent possession of stolen goods is evidence of the guilt of the possessor and casts on him the burden of showing how he came into possession or face the inference he is the thief. *Felkner v. State,* 218 Md. 300, 305; *Butz v. State,* 221 Md. 68, 77; *Debinski v. State,* 194 Md. 355, 360.

A hammer, identified as one taken in the burglary, was found by police in the trunk of a car, owned by a friend of appellant's, in which he was riding, and was admitted in evidence over objection that it was not shown to have been in appellant's exclusive possession. There was no error in its admission. The Maryland rule is that where the connection of proffered evidence with the accused is in question, probability is the only requirement for admissibility and any doubt goes to the weight of the evidence. *Williams v. State,* 205 Md. 470, 474; *Lingner v. State,* 199 Md. 503, 507; *King v. State,* 201 Md. 303, 309. See also *Butz v. State, supra.*

There was ample evidence to justify the drawing of the inference of guilt drawn by the trial judge.

*Judgment affirmed.*