## BOOKER *v.* STATE

[No. 256, September Term, 1960.]

*Decided May 1, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Charles J. Josey* for the appellant.

*Lawrence F. Rodowsky, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Lucy Ann Garvey, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The defendant-appellant (Leon Booker) was tried and convicted on separate indictments by the Criminal Court of Baltimore, sitting without a jury, of two armed robberies. This appeal is from the judgments imposed. The principal contention in each case is that there was insufficient evidence to sustain a conviction because there was no definitive identification of the defendant as the robber.

In the case involving the robbery of the Gay Bar, the operator testified that he was robbed by two men and positively identified the appellant as the man who had held the weapon during the hold-up. And, the barmaid, though unable to positively identify him, testified that the appellant looked like the robber. We have repeatedly held—since the weight of the evidence and the credibility of the witness are matters for the trial court to determine—that identification by a single eye-witness, if believed, is sufficient to support a conviction. *Booth v. State,* 225 Md. 71, 169 A. 2d 388 (1961); *Brown v. State,* 222 Md. 312, 160 A. 2d 95 (1960). The argument that the identification was not corroborated is without merit. Unlike the testimony of an accomplice, the testimony of a *victim* requires no corroboration. Cf. *Walls v. State,* 220 Md. 115, 150 A. 2d 926 (1959). Since the conviction in the Gay Bar case was supported by substantial evidence, we are unable to say that the verdict of the trial court was "clearly erroneous," and we must affirm. Maryland Rule 741 c.

In the case concerning the hold-up of the People's Grocery, the proprietor testified with varying degrees of certainty when questioned as to whether or not the appellant was one of the two men who had robbed her, but near the end of her testimony, in response to a question by the court, she stated unequivocally that "this [the appellant] is the man who did hold me up." And, in addition to the eye-witness identification, the State produced certain numbered blank money orders and proved that they had been stolen in the hold-up. One state witness testified that she had received four of the money orders from the appellant, that she had been told by him that they were stolen and that he had requested her to cash them

for him and share in the proceeds thus obtained. She did so and had been tried and convicted of passing the money orders involved before she testified in this case. Another state witness testified that she had witnessed the cashing of one of the four and had seen a fifth money order of the same type secreted in the bedroom of the appellant. The appellant contradicted both witnesses, claimed that he had never had possession of any of the money orders and contended (on the theory that an inference cannot be based on another inference) that the evidence produced was insufficient to prove that he had stolen the money orders in the course of the robbery. We do not agree. In the instant case, where it was proved as a fact that the money orders cashed by one of the state witnesses for the appellant were some of those stolen from the grocery, there was no reason why that established fact (which was not a presumption) should not serve as the base for the inference that the appellant was the thief. Underhill, *Criminal Evidence,* § 16. Time and time again we have ruled that recent possession of stolen property, or a part thereof, in the absence of a reasonable explanation for possessing it, was evidence that the possessor had stolen the property. See *Glaros v. State,* 223 Md. 272, 164 A. 2d 461 (1960) ; *Oden v. State,* 223 Md. 244, 164 A. 2d 284 (1960). But, even without the additional testimony, the identification of the appellant by the victim as the robber in the People's Grocery case, if believed, was sufficient to sustain the conviction, *Booth v. State, supra,* and we find no reason to reverse the judgments. Rule 741 c.

*Judgments affirmed.*