## LEWIS *v.* STATE

[No. 290, September Term, 1960.]

 

*Decided June 12, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, HORNEY and MARBURY, JJ.

*George F. Zverina,* for appellant.

*Eli Baer, Special Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Joseph S. Kaufman, Deputy Attorney General* on the brief, for appellee.

PER CURIAM.

The appellant (Waverly Lewis) contends that the evidence was insufficient to convict him either of breaking the house of another in the daytime or of larceny.

Sometime during the day of May 17, 1960, the house of

Everett W. Mitchell and his wife in Charles County was broken into and ransacked, and a number of United States Savings bonds (registered in the names of the Mitchells) and other articles, including a man's wallet, were taken therefrom. In the afternoon of the same day Waverly Lewis and a recent acquaintance (known only as "Freddy" to the appellant) were arrested by District of Columbia police in a Washington restaurant. In a routine search of the appellant, the bonds were found wedged between his belt and the small of his back and the wallet (containing an identification card of Everett W. Mitchell) was also found on his person. At first the appellant was reluctant to disclose where he had gotten the stolen property, but he explained later to one of the officers that he was merely holding the bonds and wallet for another person and that he did not know the man that gave them to him except by a nickname which he could not recall. He further explained that the property had been "handed to him" by one of two unidentified persons while he was sitting in an automobile with five other persons besides himself.

In testifying on his own behalf at the trial before the court without a jury, the appellant told a different story. There he admitted that he knew the property was stolen, but claimed that he was not the thief and further stated that his possession was part of a scheme whereby he was to try to cash the bonds for Freddy; that Freddy had given him the bonds and wallet; and that Freddy was with him at all times that he had possession. The trial court rejected this explanation as unreasonable, found the appellant not guilty of receiving, and entered verdicts of guilty of house-breaking and larceny.

Since the trial court was not required to believe the explanation proffered by the appellant, the convictions were proper under the evidence. *Jordan v. State,* 219 Md. 36, 148 A. 2d 292 (1959), *cert. den.* 361 U. S. 849 (1959). There was positive proof that the house had been broken into and that the same bonds and wallet stolen therefrom were found in the personal possession of the appellant when he was arrested several hours later. Clearly these established facts were

sufficient to support a credible inference that the possessor was the burglar as well as the thief. *Booker v. State,* 225 Md. 183, 170 A. 2d 203 (1961).

*Judgments affirmed.*