DYSON *v.* STATE

[No. 311, September Term, 1960.]

*Decided June 16, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*William I. Gosnell,* for appellant.

*Robert C. Murphy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *John W. Sause, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

20

Per Curiam.

The appellant Jerome Dyson, together with Gordon Gaskins and William Shird, was jointly charged in the Criminal Court of Baltimore City on three multi-count indictments, viz. (a) indictment No. 1655, robbery with a deadly weapon of Samuel Black, (b) No. 1656, robbery with a deadly weapon of Lee Schroeder, and (c) No. 1657, attempt to rob with a deadly weapon Gertrude Black. These charges were respectively made in the first count of each of the indictments. Appellant was tried separately by the court without a jury, found guilty on the first count in each indictment and sentenced in each case. He appeals from the judgments and sentences imposed. His basic contention in each case is that there was insufficient evidence to sustain a conviction because of the lack of positive identification of the appellant.

In the case involving the robbery of Samuel Black (No. 1655), who with his sister, Gertrude Black, operated the Eagle Coal Company, two eye witnesses to the robbery, Mr. Black and his sister, did not identify the appellant at the police line-up or at the preliminary hearing. While it is true that Mr. Black could not identify the appellant—he testified one of the men "was behind the partition and I could not see him very well"—his sister, Gertrude Black, present at the time of the robbery, did identify appellant at the trial. She testified at the trial that she recognized him at the preliminary hearing but was not asked to identify him. There was evidence that the appellant was seen running from the scene of the crime shortly after its occurrence, being pursued by a policeman, during which time he was seen to have discarded a loaded gun beneath a car, then running into a garage from which he sought to effect his escape from police by jumping out of the garage window, and continuing his flight by running in and out of several strange houses. Recovery by police of the fruits of the robbery from the garage and from the house in which the appellant was subsequently trapped and their identification by Mr. Black established his connection with and participation in the crime.

In nonjury cases, such as this, involving the sufficiency of the evidence, our review is confined to a determination of

whether the evidence, including the proper inferences therefrom, is sufficient to support a conviction, and the findings of fact by the trial judge will not be disturbed unless clearly erroneous. Maryland Rule 741 c; *Wimbush v. State,* 224 Md. 488, 168 A. 2d 500; *Cummings v. State,* 223 Md. 606, 165 A. 2d 886. The testimony of the victim alone, if believed, is sufficient to sustain the conviction. *Booker v. State,* 225 Md. 183, 170 A. 2d 203; *Booth v. State,* 225 Md. 71, 169 A. 2d 388. Moreover, recent possession of the fruits of the crime, if not reasonably explained, gives rise to an inference that the possessor is the thief, the inference being one of fact to be drawn by the trier of fact which in this case was the trial judge. *Glaros v. State,* 223 Md. 272, 164 A. 2d 461; *Butz v. State,* 221 Md. 68, 156 A. 2d 423. In this case there was ample proof, if believed by the trial judge, to sustain the conviction.

In case No. 1656, involving the robbery of Lee Schroeder, the owner and operator of a tavern, Schroeder failed to identify the appellant in a police line-up but did identify him as the robber at the preliminary hearing and at the trial. Mrs. Partlow, the other witness for the State, testified that she had seen the appellant enter the Schroeder tavern immediately prior to the robbery with two other men, one of whom was wearing a mask over his face. She identified the appellant at the police line-up, preliminary hearing, and at the trial. These witnesses' testimony as to the exact time the appellant entered the tavern was conflicting. Mrs. Partlow could not describe the clothing worn by the appellant, and Mr. Schroeder gave four various descriptions of the color of the jacket worn by the appellant during the robbery. Differences in describing the clothing, as well as contradictions in time, go to the weight of the witnesses' testimony and are of no real consequence, since the credibility of the witnesses is a matter for consideration by the trier of fact. *Mason v. State,* 225 Md. 74, 169 A. 2d 445; *Williams v. State,* 223 Md. 339, 164 A. 2d 467. As above stated there was sufficient evidence produced to sustain the conviction.

In case No. 1657 the appellant, according to the testimony of Miss Gertrude Black, threatened her with a gun and

sought to compel her at gun point to lie on the floor at the time of the robbery, in the course of which the hold-up men took the wallet of Mr. Black from his person, as well as Company cash. Miss Black's refusal to lie on the floor as commanded by the robbers, as well as her general defiance during the course of the crime, undoubtedly was such as to frustrate consummation of the robbery purpose with respect to Miss Black individually. It can clearly be inferred from these facts that the intent and purpose of the appellant was to rob everyone on the premises individually as part of his common scheme. Here again we conclude that the evidence was sufficient to justify a conviction of an attempt to rob with a deadly weapon, and must affirm.

Since the filing of the original briefs the appellant requested and was granted leave to file supplemental briefs, three in number. His contentions in these, in addition to his original contentions, were that he protested his innocence, was not properly represented by counsel at the trial and in this Court, and that he was convicted by the "perjured" testimony of State's witnesses, known to the State at the time of trial, but which was not corrected.

We find nothing in the record which would justify any of these contentions. There was sufficient evidence to support his conviction in each of the three cases. The record discloses no protest by the appellant of his counsel's representation of him in the trial below, nor do we find any inadequacy in his representation of the appellant in this Court. With reference to the claimed perjured testimony the record discloses merely discrepancies in those witnesses' testimony which was for the consideration of the trial judge, who was required to weigh the evidence. Accompanying one of his supplemental briefs was a letter addressed "To Whom It May Concern" dated May 27, 1961, long after his trial, in which the writer who was not summoned as a witness at the trial seeks to establish an alibi for the appellant as of the date of the robbery at the Eagle Coal Company on April 8, 1960. This letter may not be considered by us in review on this appeal since it is extraneous to the record in the case. Furthermore, the record discloses no request of appellant's counsel for a postponement of the

date of trial, nor any protest concerning that date made by the appellant at that time in order that he might avail himself of any witnesses in his defense.

*Judgments affirmed.*