## DOYAL *v.* STATE

[No. 316, September Term, 1960.]

32

Decided June 20, 1961.

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Morris Lee Kaplan,* with whom was *Frank J. McCourt* on the brief, for the appellant.

*William J. McCarthy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

A few days after she had signed out of a mental institution, a woman to whom neither nature nor fate had been kind found what she thought to be a haven in a rooming house in Baltimore run by the appellant.

On her second day in the house she was in bed in the small room she had been given when, she said, appellant entered, sat on her bed and over her protests, kissed her. In an attempt to thwart his advances, she asked him to get her a cup of coffee. He did so and then refused her demand that he leave the room, and renewed his advances. She leapt from bed in an effort to escape. He locked the door, threw her back on the bed and forcibly raped her. After he left, she clothed herself and ran into the room of another boarder seeking aid, but was told to get out.

She went to a corner drug store, where, unable to speak from shock, she wrote a note stating "I have just been raped by a man called Reds * * * I have just been raped by a boy." Appellant's nickname is Reds. The police were sum-

moned and, because the victim was crying, nervous and unable to speak, ascertained from another that Reds was in a nearby tavern where he had been drinking off and on all day, and arrested him.

The appellant contends that the evidence was insufficient to convict in that the verdict rested solely on the uncorroborated testimony of the victim, who was an unreliable and untrustworthy witness, as to whom the examining psychiatrist had said: "* * * there is serious doubt as to the patient's credibility in a rape charge. Certainly her testimony will have to be perceived with an unusual degree of circumspection."

The trial judge gave thoughtful and deliberate consideration to whether the victim had been raped—there could have been no doubt there had been sexual intercourse — and to whether the appellant was the attacker. He rejected as incredible the exculpatory testimony of the appellant and his witnesses, most of whom were boarders in the rooming house, and found credible the testimony of the victim, buttressed as it was by tangible evidence and the testimony of the examining doctor and the police.

We do not find the record to show that the trial judge was wrong. If there was any evidence, or proper inferences from the evidence, upon which the trial court could find the appellant guilty, this Court cannot say that the decision was clearly erroneous. *Kier v. State,* 216 Md. 513, 517; *Elliott v. State,* 215 Md. 152, 161; Md. Rule 741 c. The weight of the evidence and the credibility of the witness are primarily for the determination of the trial court, and if he is convinced of guilt beyond a reasonable doubt by sufficient evidence, this Court need not be in order to sustain the conviction. *Brown v. State,* 222 Md. 312; *Johnson v. State,* 221 Md. 177.

The victim accused the appellant immediately as her attacker. She identified him to the police and in court. The testimony of the doctor who examined the victim clearly permitted the judge to find strong support for the claim of force. There were incriminating stains on the undergarments of both victim and appellant. The appellant's anticipatory ex-

planations of how the stains came to be on his clothing almost required the court to find them incredible. The claim of appellant, supported by the testimony of his witnesses, that the door of the victim's room could not be locked, was refuted by the testimony of a policeman who, to test the victim's version of the occurrence, locked the door from the inside the evening of the attack.

The testimony of the prosecuting witness need not have been corroborated, as a matter of law, since she was not an accomplice. *Saldiveri v. State,* 217 Md. 412, 420; *Lusby v. State,* 217 Md. 191, 198.

In any event, in the case at bar, there was considerable persuasive corroboration of the victim's testimony that the appellant raped her.

*Judgment affirmed.*