## WEAVER v. STATE

[No. 12, September Term, 1961.]

*Decided October 12, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, HORNEY and SYBERT, JJ.

*Hugh J. Monaghan, II,* for the appellant.

*James P. Garland, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellant was found guilty of grand larceny of an automobile in the Criminal Court of Baltimore, by the court sitting without a jury.

He is a man who apparently has a serious problem with drink and a strong attachment to automobiles belonging to others.

His first contention questions the sufficiency of the evidence to support a finding of his guilt. The constituent elements of larceny are so well known that it is unnecessary to repeat them. See *Canton Bank v. American Bonding Co.,* 111 Md. 41, 73 A. 684; *Putinski v. State,* 223 Md. 1, 161 A. 2d 117. Appellant's counsel earnestly argues that the State failed to prove criminal intent, claiming that the appellant did not intend to deprive the owner of his ownership in the motor vehicle, but was in the act of returning the same when he was apprehended.

The question was fully presented to the trial court, who decided the issue adversely to the appellant. The state of one's mind or *scienter* is a question of fact. *Putinski v. State, supra; Tufts v. Poore,* 219 Md. 1, 147 A. 2d 717. And being subjective in nature, proof of wrongful intent is seldom direct, but is usually inferred from proven circumstances. *Felkner v. State,* 218 Md. 300, 146 A. 2d 424. After taking the automobile the appellant kept it some three or four days, and, when arrested by the police, he was driving it at 2:30 a.m.; a rather unusual hour to be returning the same. Of course, exculpatory statements made by the accused are not conclusive, and may be disbelieved by the trier of fact. *Jordon v. State,* 219 Md. 36, 148 A. 2d 292; *Lewis v. State,* 225 Md. 474, 475, 171 A. 2d 244. If this were not the law, criminal prosecutions would generally be futile and seldom successful. And we only set aside a finding of fact in a nonjury criminal case when it is clearly erroneous. Maryland Rule 741c; *Tasco v. State,* 223 Md. 503, 165 A. 2d 456. We hold the evidence adduced was amply sufficient to sustain the trial court's finding of felonious intent.

After his arrest, the appellant was taken before a magistrate for a preliminary hearing on the charge of the larceny of the car, and he pleaded guilty. At his trial below, a police officer, over objection, was permitted to testify to this fact. The appellant concedes that a plea of guilty on preliminary hearing is not *per se* inadmissible in the trial under indictment, but contends the plea before the magistrate in the instant case was an extra-judicial confession (*Williams v. State,* 214 Md. 143, 132 A. 2d 605) and should not have been admitted, unless the State assumed the burden of proof and established that it was freely and voluntarily made, without any threats, promises or inducements being made to him.

If we assume, without the necessity of deciding in this case, that the appellant's contention is a sound analysis of the law and the objection to the question propounded should have been sustained, we think the error was harmless, for the fact that appellant pleaded guilty before the magistrate came into evidence by another witness; and one witness testified, without objection, that the appellant admitted he stole the motor

vehicle. When the prosecuting witness was on the stand, he was asked on cross-examination: "Whom did you tell the Magistrate told you that the car was taken? Didn't you say it was your wife?" He replied: "No, I didn't tell the Magistrate anything. He [the appellant] pleaded guilty. That was all. They held him over for bail." And the apprehending officer testified that the appellant, when first accosted, stated that the automobile belonged to his brother-in-law, from whom he borrowed it several times a week. After checking with the Communications Bureau, the officer asked the appellant: "Why didn't you tell us you stole the car in the first place?" He said: "The reason I didn't tell you is because I am on probation." The officer then asked: "For what?" And the appellant replied: "For stealing automobiles." It is a well-established principle of the general law, including criminal law, that it is harmless error to admit inadmissible testimony, if the same testimony is properly before the court from another source. *State Roads Comm. v. Bare,* 220 Md. 91, 151 A. 2d 154; *Basoff v. State,* 208 Md. 643, 119 A. 2d 917; *Smith v. State,* 182 Md. 176, 32 A. 2d 863. And this rule applies to testimony, which is merely a repetition of a confession properly admitted. *Ford v. State,* 181 Md. 303, 313, 29 A. 2d 833, 838; *Myers v. State,* 119 So. 2d 602, 606 (Ala., 1960); *State v. Dunlap,* 161 A. 2d 760, 762 (N. J., 1960); *Minirth v. State,* 117 So. 2d 355 (Ala., 1959). Cf. *Chisley v. State,* 202 Md. 87, 102, 95 A. 2d 577. We find no prejudicial error here.

Appellant's court-appointed attorney included in his brief, at appellant's request, four additional contentions raised by the appellant personally. The first claims the wrongful admission of certain hearsay testimony. The question is not properly before us, no objection having been made below. Maryland Rule 885. Next, he claims that he "can produce witnesses to prove owner of car misrepresented the extent of his acquaintance with defendant." If the testimony were material and available at the time of trial, his failure to produce the same at his trial waived his right to do so later. *Stansbury v. State,* 218 Md. 255, 146 A. 2d 17. If it be newly discovered evidence, it should have been brought to

the lower court's attention by a motion for a new trial, *Stern v. U. S.*, 219 F. 2d 263 (4th Cir. 1955), as it avails the appellant of no rights upon appeal. His third contention claims a state's witness gave conflicting testimony at his trial from that given at his preliminary hearing. The credibility of witnesses is primarily for the trier of facts, and we only change the findings of fact of a trial judge when they are clearly erroneous. Maryland Rule 886. We find no error here. The fourth contention is unintelligible. It states: "Witness cannot possibly furnish description of defendant under circumstances described at trial." We find nothing in the Record Extract that indicates any witness attempted to describe the defendant at the trial.

*Judgment affirmed.*