## PONDER v. STATE

[No. 142, September Term, 1961.]

*Decided February 20, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Burton W. Sandler,* for appellant.

*William J. McCarthy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *E. Thomas Maxwell, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, on the brief, for appellee.

PER CURIAM.

The defendant-appellant was prosecuted under an indictment containing six counts charging burglary and related offenses. He was tried before the court, sitting without a jury, and was found guilty generally and was sentenced to one year's imprisonment. He appeals, claiming that the evidence was insufficient to support a conviction for burglary.

If we confine our attention almost wholly, as the defendant does entirely, to the sufficiency of the evidence of burglary, we think that the evidence against him, if believed, is enough to warrant the trial judge in finding him guilty of that offense.

There was evidence from which the trial court could properly find that a burglary of a store had taken place and that goods worth in all $83.72 had been stolen (including three Polish sausages worth 35¢), that the back or alley door of the store had been broken open, that the defendant was running out of the alley a half block away as the police arrived, that

he had some of the stolen goods on him (three Polish sausages) and that he admitted having stolen them, though he denied any breaking by him in order to enter and steal and though none of the other loot was found. The trial judge was under no obligation to believe the defendant's denials or explanations. *Jordan v. State,* 219 Md. 36, 46, 148 A. 2d 292, cert. denied, 361 U. S. 849; *Tasco v. State,* 223 Md. 503, 511, 165 A. 2d 456, cert. denied, 365 U. S. 885. As those cases and many others, such as *Edwards v. State,* 198 Md. 132, 81 A. 2d 631, *Cooper v. State,* 220 Md. 183, 152 A. 2d 120, and *Doyal v. State,* 226 Md. 31, 171 A. 2d 470, hold, the test of the sufficiency of the evidence in a case tried before the court without a jury, when reviewed in this Court, is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged.

Even without the defendant's admission to the officer that he stole the sausages, his possession of these recently stolen articles would give rise to an inference of fact that he was the thief. *Debinski v. State,* 194 Md. 355, 71 A. 2d 460; *Butz v. State,* 221 Md. 68, 156 A. 2d 423; *Lewis v. State,* 225 Md. 474, 171 A. 2d 244; *Dyson v. State,* 226 Md. 18, 171 A. 2d 505. Cf. *Jordan v. State, supra.* And as in the *Lewis* case, the defendant's possession of these recently stolen articles would also tend "to support a credible inference that the possessor was the burglar as well as the thief." (225 Md. at 475-76.) A similar inference of fact was held permissible in an armed robbery case, *Booker v. State,* 225 Md. 183, 170 A. 2d 203. See also *Tasco v. State, supra,* which in some respects resembles the instant case.

Since only the sufficiency of the evidence as to burglary is attacked on this appeal, and since the sentence imposed did not exceed that authorized under these counts (or for that matter under any of the other counts) we shall not go into the other counts (except the 5th). *Hayette v. State,* 199 Md. 140, 85 A. 2d 790; *Nelson v. State,* 224 Md. 374, 379-80, 167 A. 2d 871. With regard to the 5th count, which charges receiving stolen goods, the verdict of guilty thereon is clearly in-

consistent with the verdict of guilty of larceny of the same goods and is clearly defective. *Hardesty v. State,* 223 Md. 559, 165 A. 2d 761. The verdict of guilty should be stricken out and a verdict of not guilty entered under that count.

> *Judgment affirmed, except as to the fifth count; and as to that count, case remanded with directions to enter a verdict of not guilty and to strike out the sentence on that count.*