## BOGGS *v.* STATE

[No. 207, September Term, 1961.]

*Decided March 21, 1962.*

The cause was argued before HENDERSON, PRESCOTT, HOR-
NEY, MARBURY and SYBERT, JJ.

*Morris Lee Kaplan,* with whom were *Frank J. McCourt*
and *Nathan Stern* on the brief, for the appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with
whom were *Thomas B. Finan, Attorney General, Saul A. Har-*

ris, *State's Attorney for Baltimore City,* and *Russell J. White, Assistant State's Attorney,* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Otto O. Boggs, appeals from his conviction in a trial without a jury of breaking and entering an apartment with intent to steal, and with stealing, certain property therefrom. He was charged, together with two co-defendants, Dorsey F. Donnan and Samuel Briggs, under a four count indictment, to the first count of which—burglary—Donnan pleaded guilty. Briggs, who pleaded not guilty, was convicted under the fourth count of receiving stolen goods. He took no appeal.

Appellant contends that the trial court erred in refusing to grant his motion for a directed verdict of acquittal, claiming that the evidence was insufficient to sustain a verdict of guilty. His argument is that his conviction resulted from the uncorroborated testimony of Briggs and that since Briggs was an accomplice such testimony would not support a conviction.

Briggs testified at the trial that he first came upon the appellant and Donnan in an alley immediately behind the apartment which had been burglarized and both were either standing or sitting next to the stolen goods. He stated that Donnan approached him and offered to sell the stolen articles to him. While he refused to purchase them, Briggs suggested that he could find a ready market on Pennsylvania Avenue. As a result, Briggs, Donnan and appellant caught a taxi and with goods in hand traveled to the suggested destination where, as the testimony shows, all three were active in seeking to dispose of the goods. Briggs and Donnan were apprehended on Pennsylvania Avenue and as a result of their interrogation Boggs was arrested the next day.

It is unquestionably true that a person accused of crime may not be convicted in this State on the uncorroborated testimony of an accomplice. *Gregoire v. State,* 211 Md. 514, 128 A. 2d 243 (1957); *Coleman v. State,* 209 Md. 379, 121 A. 2d 254 (1956); *Watson v. State,* 208 Md. 210, 117 A. 2d 549 (1955). However, even if we assume that Briggs, as receiver

of the stolen goods, was an accomplice of the appellant, it is well settled that not much in the way of corroboration of the testimony of an accomplice is required. It is not necessary that the corroborating testimony be of itself sufficient to convict the accused but only that it support some of the material points of the accomplice's testimony. *DeHart v. State,* 227 Md. 239, 176 A. 2d 353 (1961) ; *Forrester v. State,* 224 Md. 337, 167 A. 2d 878 (1961).

We feel the appellant's own testimony provided sufficient corroboration to the testimony of Briggs and that their testimony, considered together, was sufficient to sustain the conviction. While he denied that he was involved in the crime, appellant admitted being in the alley with Donnan as the latter was removing certain articles from the burglarized apartment by way of the back porch. When Donnan asked the appellant to take a television set from him, appellant testified that "I said no, I can't reach it." Appellant also explained in his testimony the presence of Briggs in the alley and admitted that he went to Pennsylvania Avenue with Briggs and Donnan to sell the articles, and that he guarded the television set for a time. (It ultimately disappeared with a prospective customer who failed to pay for it.) Appellant denied knowing that the apartment burglarized was not Donnan's and stated he was too intoxicated to ask any questions.

It is obvious appellant's own testimony supports several of the material points of the alleged accomplice's testimony. In addition, the very fact that appellant and Donnan were, by appellant's own admissions, in the vicinity of the crime in apparent companionship may also sufficiently connect the accused with the commission of the crime so as to furnish the necessary corroboration. *Wright v. State,* 219 Md. 643, 150 A. 2d 733 (1959), cert. den. 361 U. S. 851. As to his denial of complicity in the crime or his explanation for his actions, the trial judge was under no obligation to believe the appellant. *Ponder v. State,* 227 Md. 570, 177 A. 2d 839 (1962) ; *Tasco v. State,* 223 Md. 503, 511, 165 A. 2d 456 (1960), cert. den. 365 U. S. 885. The corroboration of Briggs' testimony, tending to connect the appellant with the crime, is a sufficient

basis for the trier of fact to infer that Briggs had testified truthfully even with respect to matters as to which there had been no corroboration. *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80 (1960).

Appellant's possession of the stolen property, as well as his cooperation in the attempt to dispose of it, was enough to give rise not only to the inference of fact that he was the thief, *Ponder v. State, supra; Dyson v. State,* 226 Md. 18, 171 A. 2d 505 (1961), but would also tend to support an inference that as the possessor he was the burglar as well as the thief. *Lewis v. State,* 225 Md. 474, 171 A. 2d 244 (1961); *Booker v. State,* 225 Md. 183, 170 A. 2d 203 (1961).

In addition, the prosecuting witness who resided in the apartment testified *without objection* that a neighbor told her two men were taking items off the roof adjoining her apartment. This unchallenged hearsay could properly have been considered by the trial court, *Moxley v. State,* 205 Md. 507, 109 A. 2d 370 (1954), and could have led it to conclude that the two men were Donnan and the appellant, since Briggs appeared later and was convicted only of receiving the stolen goods. There was no suggestion that any person, other than the three mentioned, was involved in the crime. As was stated in *Ponder v. State, supra,* "* * * the test of the sufficiency of the evidence in a case tried before the court without a jury, when reviewed in this court, is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged." We feel the evidence which we have discussed amply supported a rational inference of the facts necessary to be proved to support the conviction.

Having reached that conclusion, we find it unnecessary to discuss the State's contention that Briggs as a receiver of stolen goods was not an accomplice of the burglar, but an accessory after the fact, and that as such his testimony did not need corroboration in order to be used as the basis for the conviction of the appellant.

Having found no error below, we will affirm.

*Judgment affirmed.*