KNUCKLES *v.* STATE

[No. 236, September Term, 1961.]

*Decided April 13, 1962.*

The cause was submitted to BRUNE, C. J., and HENDERSON,. HORNEY, MARBURY and SYBERT, JJ.

Submitted on brief by *Franklin I. Freeman,* for appellant..

Submitted on brief by *Thomas B. Finan, Attorney General,. Gerard Wm. Wittstadt, Assistant Attorney General, Saul A..*

Harris, and *John P. Rogers, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, for appellee.

PER CURIAM.

The appellant, Frederick A. Knuckles, was convicted of robbery with a deadly weapon in a trial without a jury, and sentenced to ten years. The only point raised on appeal is the sufficiency of the evidence, particularly that of the State's chief witness, Michelle Davenport, an infant nine years of age.

On March 1, 1961, the appellant entered the Gordon Cleaners, at 600 North Fulton Avenue, Baltimore, Maryland, and took approximately $11.00 from the cash register. Appellant was later arrested in a bar approximately three blocks from the scene of the crime. Officer Neuman testified that he found a gun in the yard of 1800 Rayner Avenue, near the rear of the bar where the appellant was apprehended. At the time of the commission of the crime Michelle Davenport was present and later identified the appellant at the police station line-up and during the trial. She testified that she saw the appellant rob Gordon Cleaners and that appellant had a gun which he pointed at her grandmother.

We have repeatedly held that in a non-jury case, such as this, involving only the sufficiency of the evidence, our review is confined to a determination of whether the evidence, including the proper inferences therefrom, is sufficient to support a conviction, and the findings of fact by the trial judge will not be disturbed unless clearly erroneous. *Boggs v. State,* 228 Md. 168, 179 A. 2d 338, *Ponder v. State,* 227 Md. 570, 177 A. 2d 839, *Dyson v. State,* 226 Md. 18, 171 A. 2d 505, (to cite only three of many recent cases). The contention that the infant's testimony was merely conjecture and speculative is devoid of merit. She testified on at least three occasions during the trial that the appellant used a gun at the time of the robbery, although she could not positively identify the weapon found in the yard as the one used in the robbery. The issue of credibility of the witness was for the trier of facts to

·determine, and the judge was not bound to believe the appellant's story to the effect that he did not use a gun during the hold-up and his denial of the ownership thereof. *Ponder v. State, supra.*

*Judgment affirmed.*