## BOOTH *v.* STATE

[No. 33, September Term, 1962.]

*Decided October 22, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Julian S. Brewer, Jr.,* and *Norman F. Summers* for the appellant.

*Robert S. Bourbon, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant was indicted along with his brother, Kenneth A. Booth, and James J. Garrett, on six counts charging the forgery and uttering of altered money orders. In a trial before the court without a jury, the appellant and Kenneth were convicted of forgery and each sentenced to five years. Garrett was tried separately, convicted of obtaining money by false pretence and sentenced to three years. Garrett took the stand against his co-defendants and testified he was invited by them to stay in their mother's house, because he was out of work and without funds. Kenneth altered the money orders in the presence of Ronald and the witness cashed them. On one occasion the appellant accompanied him when he cashed an order. All three divided the proceeds.

The appellant's sole contention is that there was insufficient corroboration of the testimony of the accomplice, Garrett. It is well settled that corroboration is necessary. *Hardison v. State,* 226 Md. 53, 61. It is equally well settled that corroboration need not extend to every detail, and need only support some of the material points of the accomplice's testimony. *Forrester v. State,* 224 Md. 337, 345; *Boggs v. State,* 228 Md. 168, 170. It was conceded that Garrett lived in the same house with the appellant, and that the paraphernalia for raising the

orders was found there. Several witnesses testified that the appellant was with Garrett when he cashed one of the money orders. Ronald admitted that neither he nor his brother was employed, and that Garrett bought food for the house. He knew Garrett was cashing checks. Ronald had a rather long record of criminal convictions. The trial judge stated that she believed Garrett and did not believe Ronald's story. We think the corroboration, although slight, was sufficient. See *Mulcahy v. State,* 221 Md. 413, 427.

*Judgment affirmed.*