## HICKS *v.* STATE

[No. 203, September Term, 1964.]

*Decided March 2, 1965.*

Submitted to PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and BARNES, JJ.

Submitted on brief by *Nathan Stern* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, R. Randolph Victor, Assistant Attorney General, Charles E. Moylan, Jr.* and *Joseph P. Howard, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* for appellee.

PER CURIAM.

John A. Hicks, Jr., appellant, was found guilty on the second count of an indictment charging him with receiving stolen goods, in the Criminal Court of Baltimore by Judge Harlan, sitting without a jury. He was sentenced to three years in the Maryland Institution for Men, to run consecutively with any sentence for violation of parole.

Two police officers of Baltimore City were cruising in a patrol car in the 1400 block of East Fairmount Avenue on March 28, 1964, when they observed appellant carrying a black suitcase, walking at a rapid pace and acting suspiciously. When they called to him, he ran into a dead-end alley where he was apprehended. When questioned about the suitcase, Hicks stated that it was not his but was given to him by someone. However, after further questioning he revealed that the suitcase had been taken from an automobile on Lombard Street, explaining that three men gave it to him and told him to run or they would assault him. Appellant went voluntarily with the officers and pointed out a vehicle which had a broken vent window. The owner of the automobile was located and Hicks was placed under arrest. His only contention on this appeal is that the evidence was insufficient to sustain a verdict of guilty. We do not agree.

A review of the record establishes that the evidence produced, and the reasonable and proper inferences therefrom, permitted a finding of all of the essential elements of the offense of which appellant was found guilty. We have held many times that the test of the sufficiency of the evidence in a case tried before the court without a jury is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Kucharczyk v. State,* 235 Md. 334, 201 A. 2d 683; *Ponder v. State,* 227 Md. 570, 177 A. 2d 839; *Tasco v. State,* 223 Md. 503, 165 A. 2d 456.

*Judgment affirmed.*