## PAUL JAMES CHITTUM *v.* STATE OF MARYLAND

[No. 7, Initial Term, 1967.]

*Decided April 24, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and DYER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Robert Conrad,* with whom was *John W. Pfeifer* on the brief, for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Thomas B. Finan, former Attorney General, R. Randolph Victor, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Elliot Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On October 8, 1965, shortly after midnight, the appellant, Paul James Chittum, was observed by a Mrs. Betty Cox in the vicinity of the McHenry Garage located at 300 South Carey Street, Baltimore, Maryland. Mrs. Cox, sitting in the living room of her dwelling at 1314 McHenry Street, saw the appellant walk down the street with another man. When Chittum

disappeared from her view, she and her husband went outside and saw him in a parked automobile, ransacking the glove compartment. He told her it was his father's car and after she told him to leave he and his companion went towards the corner where the garage was located. A short time afterwards she saw him again, walking on McHenry Street in a direction away from the garage, carrying an automobile battery in his arms. She saw Chittum's companion later, walking up McHenry Street with something under his jacket. About 3:30 a.m. the same day, Clarence Feuschenberger, owner of the McHenry Garage, reported to the police that his garage had been broken into. At the trial, Mr. Feuschenberger testified that the lock had been broken off the garage door and tools, batteries and equipment valued in excess of $700 had been taken. Chittum was arrested. He was identified by Mrs. Cox, from Bureau of Identification pictures, in a lineup, and at the trial, as the person she had seen near her house and later carrying the battery.

The police recovered the battery from an automobile belonging to Chittum's father. It was identified as a battery taken from the garage. A statement given by Chittum to the police was introduced into evidence without objection. He admitted entering the parked car but said he was walking up the street when his companion came up with the battery and gave it to him. He took it, went home and put it in his father's automobile. About an hour later his companion came to his house with some tools that he got at McHenry Garage. Chittum told the companion that he wanted nothing to do with the tools as they were marked and the "man could tell them."

Judge Shirley B. Jones, sitting in the Criminal Court of Baltimore, without a jury, found appellant guilty under the first count of the indictment, of breaking into the garage with intent to steal goods of the value of $100 and upwards, (Md. Code, [1957], Art. 27, sec. 32); under the third count—breaking into the garage and stealing goods of the value of $5.00 and upwards (Code, Art. 27, sec. 33), and under the fourth count—rogue and vagabond (Code, Art. 27, sec. 490). Judge Jones could have found from the evidence (as she indicated she did) that the garage had been broken into on October 8, 1965, that the battery and other goods in excess of $100 had

been stolen therefrom, that Chittum was in exclusive possession of the battery immediately thereafter, and that he broke into the garage and stole the articles. The trial judge was under no obligation to believe the defendant's denials or explanations. *Ponder v. State,* 227 Md. 570. Appellant's possession of a recently stolen article supports a credible inference that he was the burglar. *Anglin v. State,* 244 Md. 652, citing *McNamara v. Henkel,* 226 U. S. 520: *Lewis v. State,* 225 Md. 474. As the Court of Appeals said in *Anglin,* page 658,

> "The Supreme Court, early and lately, has rejected the claims made here by appellant as to the impermissibility of allowing a trier of fact to infer from a proven fact which is not satisfactorily explained by the accused an ultimate fact which may be sufficient evidence of guilt."

The test of the sufficiency of the evidence is set forth in *Jones v. State,* 242 Md. 323, 328:

> "Proof of guilt beyond all possible doubt has never been required in criminal cases, and it is thus 'not necessary that every conceivable miraculous coincidence consisent (sic) with innocence be negatived.' *Hayette v. State,* 199 Md. 140, 144, 85 A. 2d 790. The test to be used by this Court in a case such as the instant one was succinctly put in *Kucharczyk v. State,* 235 Md. 334, 337, 201 A. 2d 683, quoting from *Ponder v. State,* 227 Md. 570, 572, 177 A. 2d 839, in the following manner:
> " '* * * the test of the sufficiency of the evidence in a case tried before the court without a jury, when reviewed in this Court, is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged.' "

The appellant's contention on this appeal goes to the sufficiency of the evidence. We conclude that this test was ful-

filled and affirm the judgment as to the first and third counts of the indictment.

We shall now consider the verdict of guilty under the fourth count of the indictment charging the offense of rogue and vagabond. As appellant was not apprehended having upon him an implement or offensive weapon as designated in the statute, his being deemed a rogue and vagabond is dependent on his being found "in or upon any * * * warehouse * * * with an intent to steal any goods * * *," Md. Code, (1957), Art. 27, sec. 490.

There appears in the opinion by Judge Stedman Prescott in the case of *Veney v. State,* 227 Md. 608, 611-614, a learned discussion of the proposition of merger of offenses. Pointing out that it is important to bear in mind the difference between the common-law doctrine of merger of offenses and the more modern concept of merger, which is allied to such closely affiliated titles as "Identity of Offenses," "Divisibility and Merger of Offenses," and "Former Jeopardy" used by some authors, when writing upon the subject, he states, page 612,

> "As the reasons, or bases, for the common-law doctrine have long since ceased and disappeared, most jurisdictions, apparently applying the principle of *cessante ratione cessat lex,* have either abolished the common-law doctrine, or abrogated the rules of procedure founded upon it; and this is unquestionably true in Maryland. Code (1957), Article 27, Section 607; *Gilpin v. State* and *Williams v. State,* both *supra; Klein v. State,* 151 Md. 484, 135 A. 591. But this does not mean that the later and more modern concept of merger of offenses, whether it be considered under such terms as "double jeopardy," "merger," or "divisibility of offenses," fails to play an important role in criminal prosecutions today. For, as this Court pointed out when it quoted R.C.L. in *Gilpin, supra* (142 Md. p. 469) to the effect: " 'It [common-law merger] has no application where both crimes are misdemeanors or both are felonies, though one may be of a much graver character than the other and punishable with

much greater severity; but in such a case another principle applies, that is if the lesser felony [or offense] is a necessary ingredient of the other, a conviction of one will bar a prosecution for the other by virtue of the twice in jeopardy rule. * * *.' " See also *Williams v. State, supra.*

"Decisions and text-writers use various methods and formulae for testing whether one criminal episode merges and extinguishes another, but, when analyzed, they, in general, boil down to the rule as just stated in *Gilpin, supra.* 22 C.J.S., *Criminal Law* §10, states the true test of whether one criminal offense has merged into another is held to be not whether the two criminal acts are successive steps of the same transaction, but whether one crime necessarily involves the other."

The conviction on the first count and the conviction on the fourth count were under two different statutes. The same facts gave rise to each conviction. To sustain each charge, two common elements must be proved—the presence of the defendant in or upon the storehouse and the intent to steal. In the first charge a breaking must be proved which is not necessary to be proved in the latter charge. In this case there was no fact in addition to the facts necessary to establish the charge of breaking with intent to steal which would have had to be proved in order to establish the offense designated by the pertinent provisions of rogue and vagabond. Proof of intent to steal goods of the value of $100 and upwards necessarily proves intent to steal "any goods." Therefore, this case is not a case of a single act or series of acts constituting offenses under two different statutes but a case in which the lesser offense of rogue and vagabond is an offense necessarily included in the major offense of breaking with intent to steal. We are not dealing with familiar common-law offenses in which one lesser offense is clearly recognized as an essential element in establishing a greater offense, i.e. an assault is an essential ingredient of a battery, but with offenses in which in the commission of acts made unlawful by one statute, the offender must always violate

another. In the latter instance the one offense is necessarily included in the other.[1]

So in the instant case when the appellant broke into the garage with intent to steal goods of the value of $100 or upwards (first count), he necessarily was in or upon the garage with an intent to steal any goods (fourth count). The latter offense is a necessary ingredient of the former; the latter offense necessarily involves the former. We conclude therefore that upon a verdict of guilty on the first count, the offense charged in the fourth count was merged therein and verdicts of guilty on both counts were improper.

The verdicts of guilty on the first count of the indictment (Md. Code [1957], Art. 27, sec. 32) and on the third count (Code, Art. 27, sec. 33) are not inconsistent nor is there a merger. The distinctions between them are set out in *Graczyk v. State,* 233 Md. 245, 247:

> "A distinction between Sections 33 and 32 is that Section 33 requires both a breaking and a larceny (of goods valued at $5 or more), while Section 32 requires a breaking with the intent to steal goods of another of the value of $100 or more. Further, Section 32 does not require the actual stealing of the goods and Section 33 does not require the intent to steal goods of the value of $100 or more."

For like reasons the third count is distinguished from the fourth count (Code, Art. 27, sec. 490) and there is no merger. Section 33 requires both a breaking and a larceny (of goods valued at $5 or more) while Section 490 requires an *intent* to steal (any goods). Section 33 does not require the intent to steal and Section 490 does not require the actual stealing. The Court of

---

1. This principle is to be distinguished from the rule of law that inconsistent verdicts of guilty under different counts of the same indictment, when both counts depend on the same alleged acts cannot stand. *Johnson v. State,* 238 Md. 528. For examples of inconsistent verdicts see: *Graczyk v. State,* 233 Md. 245; *Fabian v. State,* 235 Md. 306; *Crowe v. State,* 240 Md. 144; *Young v. State,* 220 Md. 95; *Vandegrift v. State,* 226 Md. 38; *Wersten v. State,* 232 Md. 164; *Ponder v. State,* 227 Md. 570.

Appeals has held that there is no inconsistency between a conviction of breaking and stealing (sec. 33) and breaking with intent to steal (sec. 342), because the two offenses have separate elements (the intent in one and the stealing in the other) and are therefore distinct crimes. *Fabian v. State,* 235 Md. 306.

The docket entries show a sentence of three years without specifying individual counts. This sentence does not exceed the maximum under the first and third counts.

This case must be remanded for the entry of a verdict of not guilty on the fourth count. As the Court of Appeals said in *Veney v. State,* supra, page 615, this is "* * * a slight moral victory for the appellant affording him no practical benefit."

> *Judgment affirmed, except as to the fourth count; and as to that count, case remanded with directions to enter a verdict of not guilty.*