## DeHART *v.* STATE

[No. 94, September Term, 1961.]

240

*Decided December 15, 1961*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, HORNEY, and MARBURY, JJ.

*Marvin Ellin* and *William O. Goldstein* for appellant.

*James P. Garland, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *Charles E. Moylan, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, for *Baltimore, Maryland,* on the brief, for appellee.

PER CURIAM.

The appellant, Robert Edward DeHart, was found guilty of burglary of the Park Lunch Restaurant, with Paul John Heilman and John Joseph Hunt, at a joint trial in which all three defendants were represented by the same trial counsel, in the Criminal Court of Baltimore City, by Chief Judge Niles, sitting without a jury.

He makes two contentions: (1) that there was not sufficient corroboration of the testimony of an accomplice in order to sustain the conviction; and (2) that the trial court erred in ruling that the oral statements made by the codefendants were admissible.

The appellee moved to dismiss the appeal upon the claim that the appellant had not printed in his appendix enough of the testimony to present the question of the sufficiency of corroboration properly for decision by this Court under Maryland Rule 828 b. Dismissal is discretionary with this Court and not mandatory. The same factors are present here as in *Gray v. State,* 224 Md. 308, 167 A. 2d 865, and *Brown v. Fraley,* 222 Md. 480, 161 A. 2d 128—that the omission was not due to any deliberate intent to violate or evade the rule, and that the omissions have been supplied pursuant to Rule 828 f—and we accordingly deny the motion.

We find no merit in either contention. Elmer Scaggs, age 15, one of the participants involved, testified that prior to the commission of the burglary the appellant was in company with Scaggs, Heilman and Hunt in appellant's apartment over the premises which were burglarized; that the appellant as part of the plan for the burglary sent him, Scaggs, onto the street to get a police officer to check the premises to find out whether or not any one was inside; that he, in company with Heilman, later went downstairs to rob the premises while the appellant and Hunt were acting as look outs in the appellant's apartment upstairs. A crowbar and screw driver were identified by Scaggs as the implements used in the perpetration of the burglary and introduced in evidence. These implements were identified by Sergeant Serra, of the Baltimore City Police, as having been found after the burglary in appellant's apartment. The sergeant also identified two pairs of

brown gloves which had been introduced in evidence, one pair of which had previously been identified by the witness Scaggs as a pair of gloves which he had worn in the course of the burglary to prevent the leaving of fingerprints.

Appellant denied participation in the burglary, any knowledge of the crowbar or screw driver, and testified that he had purchased three pairs of gloves after the burglary for Hunt, Heilman, and Scaggs to keep their hands warm in the cold weather. He admitted he summoned a police officer to check the restaurant, "to look the place over." Sergeant Serra further testified that at the time the appellant was arrested in his apartment the codefendant Hunt was with him.

This Court has held on many occasions that when an accomplice's testimony is introduced not much in the way of corroboration is required; *Forrester v. State,* 224 Md. 337, 345, 167 A. 2d 878, and cases cited therein, *Gray v. State, supra;* that it is not necessary for corroborating testimony to be sufficient in itself to convict, and that it need only support some of the material points of the accomplice's testimony.

The record does not disclose that there was ever a motion for severance made by appellant's counsel, nor does it show that there was ever a motion made by him, seasonably or otherwise, that the testimony as to the confessions or admissions of appellant's codefendants be limited solely to those codefendants and not be considered in any way in regard to appellant. *Jones v. State,* 185 Md. 481, 490, 45 A. 2d 350. The confessions or admissions might have been, of course, admissible against the codefendants who made them. Such general objections as were made by counsel for all three defendants to the admission into evidence of the confessions or admissions were made on the basis of their supposed involuntary character. This contention might be proper to be entertained by the Court if the appeal were one involving either or both of those codefendants but, as stated in *Peters and Demby v. State,* 187 Md. 7, 14, 48 A. 2d 586, since they did not appeal, the question of whether their statements were properly obtained is not before us on this appeal.

*Judgment affirmed.*