# JEFFERSON *v.* STATE

[No. 252, September Term, 1961.]

*Decided April 16, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-- SON, HORNEY, MARBURY and SYBERT, JJ.

*A. Earl Shipley,* with whom was *Donald M. Smith* on the brief, for the appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with. whom were *Thomas B. Finan, Attorney General,* and *Donald C. Sponseller, State's Attorney for Carroll County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted of murder in the first degree in a trial before the court without a jury and sentenced to life imprisonment. He challenges the sufficiency of the evidence to convict, and also contends that the court erred in admitting into evidence a statement made to the police by the appellant, and in permitting an officer to testify from his notes of a conversation between the appellant and another prisoner,. which he overheard.

On May 18, 1961, at about 9 P. M. a lone bandit, armed. with a revolver, entered the store of Earl Lee Baker and shot Mr. Baker, who died as a result thereof. John Garbutt was identified as the slayer by an eye-witness. Garbutt was seen running towards a car parked outside and was heard to say to a person in the car: "[L]et's get out of here." The car was also identified. Some time later, Garbutt turned himself in and confessed to the slaying. He was convicted of first degree murder and sentenced to life imprisonment. He testified in the trial of Jefferson as a witness for the State. The question as to sufficiency resolves itself into a question as to the sufficiency of the corroboration of his testimony as an accomplice. It is well settled in this State that the testimony of an accom--

plice must be corroborated, but not much in the way of corroboration is required. *Wright v. State,* 219 Md. 643, 650. See also *Forrester v. State,* 224 Md. 337, and *DeHart v. State,* 227 Md. 239.

Garbutt testified that he left the Derwood Nike Base with the appellant, another soldier, in Garbutt's car. Garbutt had been drinking, and he planned to hold up the Baker store. He discussed the matter with Jefferson, who had a revolver. The plan was that Garbutt would look the place over and Jefferson would do the actual robbery. However, Garbutt parked the car and entered the store alone, carrying Jefferson's pistol. The shooting was an accident. He "went to cock" the revolver, and it went off. Mr. Baker handed over about $150.00, and Garbutt ran out. He told Jefferson he had shot Mr. Baker and said: "[L]et's get out of here." They divided the money. He gave the pistol back to Jefferson. They returned to the base about 10 P. M.

On information received from Garbutt, the police visited the residence of the appellant's family and recovered the murder weapon from his sister-in-law. There was testimony that Garbutt and Jefferson left the base together about 8 P. M. and returned together about 10 P. M., although Jefferson denied that he left the base, except to get beer from Garbutt's car on one occasion. He admitted having the revolver at the base, having taken it there to clean it. He returned it to his sister-in-law the following day. There was also testimony that Jefferson was with Garbutt both before and after the crime, when they stopped for various purposes, although he was not identified as the person in the car at the scene of the crime.

We think there was sufficient corroboration. The trial court did not believe Jefferson's attempted alibi, and found as a fact that Jefferson left the base in company with Garbutt and with the revolver in his possession. There was testimony that the bullet that killed Mr. Baker came from this weapon.

The objection to the introduction of the statement made by the appellant is not that it was involuntary, but simply that it was irrelevant. The appellant denied that he had left the base, except momentarily, and denied all knowledge of or participation in the crime. He did, however, admit that he took

334

to the base for cleaning a pistol owned by his sister-in-law, and kept it in his wall locker. The statement containing this admission was relevant, and properly admitted as a whole, containing both the incriminatory and the exculpatory parts. *Williams v. State,* 205 Md. 470, 473. *Sugarman v. State,* 173 Md. 52, 58, is readily distinguishable on the facts, for there the attempted bribery of an officer making an illegal arrest was held not to constitute an admission, and was obviously prejudicial.

We find no prejudicial error in permitting Trooper Dattilio to read from his notes concerning a conversation he overheard between Jefferson and Garbutt, who was in an adjoining cell. There was no wire tapping. The conversation was so loud that it could be heard through a closed door. Cf. *Edwards v. State,* 198 Md. 132. But if we assume, without deciding, that it was error to admit the testimony, we think there was no prejudice. The conversation contained no accusations or admissions on either side. There was a discussion of the possibility of a "lynch mob", about the possibility of parole, about the relative worth of a lawyer retained as compared with one appointed by the court, whether both could be charged when "one of us didn't do it." Evidently the trial court attributed no importance to the conversation, for he made no reference to it in his rather extended oral opinion.

*Judgment affirmed.*