RINGGOLD *v.* STATE

[No. 332, September Term, 1963.]

*Decided May 28, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HOR-NEY, and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*Elsbeth Levy* for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom

were *Thomas B. Finan, Attorney General, Arthur A. Marshall, Jr.* and *Edward J. Bagley, State's Attorney* and *Assistant State's Attorney,* respectively, *for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The only contention of the defendant is that the evidence was insufficient to support his conviction of housebreaking and larceny, and it is based, primarily, upon an alleged lack of corroboration of the testimony of his two accomplices, both of whom testified to the housebreaking and larceny and his active participation therein.

A careful reading of the record discloses ample corroboration of the accomplices' testimony to support the conviction. Other witnesses testified that the premises of the Standard Pontiac Company had been broken into and entered, and money had been stolen therefrom. Blood was found near the safe and on the floor leading to the exit. Appellant, when arrested, had a cut on his arm (one of his accomplices' testified that appellant had received a cut during the commission of the crime), and, when asked by the policeman how he had acquired it, he replied, "none of [your] damn business." Appellant first denied knowing either of the accomplices and later admitted that he did. A witness, one Rothenberg, stated that he had seen appellant and one of the accomplices together at the Campus Club in the evening on the date of the crime. It was shown that appellant had been an employee at the burglarized premises until the day preceding the crime. A policeman and appellant's stepfather saw appellant a day after the crime in the early morning hours at a tavern, whereupon he fled "through the back lot and up through a clump of woods," and he was not apprehended until 45 days thereafter. He stated that he had visited his sister in Minneapolis. Appellant's mother and a policeman observed blood on appellant's bed linen on the morning following the crime. The above was, we think, ample to corroborate the accomplices, if they were believed, as they evidently were, by the trial court. *Boggs v. State,* 228 Md. 168; *DeHart v. State,* 227 Md. 239. Appellant testified

in his own behalf, but his credibility was shadowed by a prior conviction of violating the narcotics laws and two previous convictions of burglary.

Although not fully argued in his brief, appellant complains of the admission, over objection, of a statement made by one of the accomplices. It appears that this statement was offered by the State only to show surprise, and it was accepted by the court solely for that purpose. However, if *arguendo,* it be conceded that the admission of the statement was error, it was harmless. The case was tried by the court, and before the trial ended, the accomplice testified from the witness stand to the same matters contained in the statement.

*Judgment affirmed.*