## COUSER *v.* STATE

[No. 147, September Term, 1959.]

*Decided February 17, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Alvin Solomon* for the appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Julius A. Romano* and *Dene Lusby, Assistant State's Attorneys,* on the brief, for the appellee.

PER CURIAM.

The appellant, convicted by the court, sitting without a jury, of assault with intent to murder and of carrying a deadly and dangerous weapon, challenges here the sufficiency of the evidence. It was shown that the appellant was wanted for escape from a road gang of the House of Correction, recognized by a police officer, and arrested after a chase. While walking to a call box, the appellant pulled a switch-blade knife and stabbed the officer in the left thigh. The officer drew his revolver and a fight ensued, during which the appellant received a shot wound and a stab wound, but secured possession of the revolver and fled. He was subsequently apprehended. Two defense witnesses testified that the officer

first struck the appellant with his drawn revolver, and that the officer pulled the knife on the appellant.

Despite the conflict in the testimony, it is perfectly clear that the trier of facts could properly have found, as he did, that the knife belonged to the appellant, and that he stabbed the officer with it at the inception of the struggle. Switchblade knives are not standard police equipment. The appellant contends, however, that, even so, there was no evidence of intent to murder or malice. We do not agree. The use of a deadly weapon directed at a vital part of the body is a circumstance which indicates a design to kill. *Davis v. State,* 204 Md. 44, 51, and cases cited. See also *Beall v. State,* 203 Md. 380, 385, and *Webb v. State,* 201 Md. 158, 163. Cf. *Brown v. State,* 220 Md. 29, 39. We find no merit in the argument that the stab in the thigh was not directed at a vital part of the body, and did not indicate an intent to commit grievous bodily harm. According to the officer, the appellant inflicted the stab wound as the officer was backing away. The blow on the thigh was evidently aimed at the officer's abdomen, and intended to incapacitate him so that the appellant could make good his escape. The appellant was only prevented from using the knife to inflict further wounds because the officer seized his wrist and hand holding the knife. At least the trier of facts could have drawn these inferences. Cf. *Holtman v. State,* 219 Md. 512, 515, and *Clay v. State,* 211 Md. 577, 580. We cannot find that the verdict was clearly erroneous. Cf. *Ward v. State,* 219 Md. 559, 563, and cases cited.

*Judgment affirmed.*