## JOHNSON *v.* STATE

[No. 23, September Term, 1960.]

254

*Decided October 14, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Leonard J. Kerpelman,* for appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney,* and *Dene Lusby, Assistant State's Attorney,* respectively, of Baltimore City, on the brief, for appellee.

PER CURIAM.

The appellant, Thomas E. Johnson, was convicted of assault with intent to murder. He appeals on the ground that the evidence, particularly with regard to intent, was insufficient to sustain the conviction. He was tried and found guilty by Judge Cullen, sitting without a jury, in the Criminal Court of Baltimore.

The victim of the assault is a sixteen-year old girl, Virginia, who is the mother of an illegitimate child whom she had by Johnson. There was evidence showing that Johnson had met Virginia's mother at a shop across the street from the house where Virginia and her mother occupied an upstairs apartment, had gotten into an altercation over the amount he was paying for the support of the child, had followed the mother into the hallway of the house, that Virginia came down the stairs to meet her mother (Johnson claimed that she had been with her mother at the shop and that they had gone home together), and that a struggle developed from the altercation. There is no question that during the struggle Johnson pulled out a dirk knife with which he inflicted several cuts on Virginia's mother and with which he stabbed Virginia in the back as she tried to escape upstairs and that he drove the knife in up to the hilt. There was also evidence

of animosity on the part of the appellant towards Virginia and her mother.

We shall not attempt to review all of the evidence or to evaluate it. We think it plain that there was evidence from which, if believed, the learned trial judge could properly find that the defendant stabbed the victim in a vital part of the body with a deadly weapon and could further find as a matter of reasonable inference that he did so with malice. We cannot hold that the finding of the trial court was "clearly erroneous" on the evidence (Md. Rules, Rule 741 c). On the contrary, we think that the evidence, if believed, was sufficient as a matter of law to establish the elements of the offense charged and to sustain the appellant's conviction. *Webb v. State,* 201 Md. 158, 161-163, 93 A. 2d 80; *Hall v. State,* 213 Md. 369, 375, 131 A. 2d 710; *Couser v. State,* 221 Md. 474, 476, 157 A. 2d 426. See also *Davis v. State,* 204 Md. 44, 49-51, 102 A. 2d 816; *Stansbury v. State,* 218 Md. 255, 260, 146 A. 2d 17. The credibility of the witnesses is, of course, for the trier of facts to determine—in this instance the trial judge. *Brown v. State,* 222 Md. 312, 160 A. 2d 95.

*Judgment affirmed.*