# WIMBUSH *v.* STATE

[No. 197, September Term, 1960.]

*Decided March 16, 1961.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Charles P. Howard, Jr.,* on the brief for appellant.

*C. Ferdinand Sybert, Attorney General, Stedman Prescott, Jr., Deputy Attorney General, Saul A. Harris,* and *Dene Lusby, State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, on the brief for appellee.

PER CURIAM:

The sole question presented by this appeal is whether the

evidence was legally sufficient to sustain the conviction of the appellant for an assault with intent to murder.

When the prosecutrix, who had lived with the appellant for more than a year, left him after an argument, took up her abode with relatives and began consorting with another man, the appellant apparently became apprehensive that the other man was replacing him. About two weeks after the separation, at a time when he was visiting the home of her relatives, the appellant, in an attempt to persuade the prosecutrix not to go out with the other man, began using abusive language and was ordered to leave the premises. A few minutes after he had been expelled, and while the prosecutrix was seated in an automobile with her sister, brother-in-law and the other man ready to drive off, the appellant approached the vehicle, opened first one door and then another, and continued his interrupted conversation with the prosecutrix, during which he renewed his plea that she forsake the other man. She declined and he drew a revolver he had concealed about his person, fired at least three times at the prosecutrix and wounded her face, an arm and a hand. He then fled the scene, but surrendered to the police several days later. In a signed statement the appellant admitted shooting the prosecutrix, but denied an intention to kill her. Claiming that he was an expert sharpshooter, he testified that he could have killed the victim of the assault had he intended to do so.

The evidence was clearly sufficient to justify conviction. The appellant admitted the assault and the intent to kill was inferable from the use of a deadly weapon directed at a vital part of the body. *Couser v. State,* 221 Md. 474, 157 A. 2d 426 (1960); *Webb v. State,* 201 Md. 158, 93 A. 2d 80 (1952). In order to convict it was not necessary that a specific intent to take life be shown. *Hall v. State,* 213 Md. 369, 131 A. 2d 710 (1957); *Webb v. State, supra.* There was ample evidence from which, if believed, the trial court as the trier of the facts could find the appellant guilty. *Johnson v. State,* 223 Md. 253, 164 A. 2d 269 (1960). Furthermore, in a non-jury case such as this involving only the sufficiency of the evidence, the sole appellate function is to determine

whether the evidence, including the proper inferences there-from, is sufficient to convict. If it is, as it was in this case, we *must* affirm. *Bush v. State,* 223 Md. 382, 164 A. 2d 724 (1960).

*Judgment affirmed.*