## HOUSTON *v.* STATE

[No. 225, September Term, 1960.]

*Decided June 5, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Carl W. Bacharach,* for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *C. Osborne Duvall, State's Attorney for Anne Arundel County,* on the brief, for appellee.

PER CURIAM.

This appeal challenges the sufficiency of the evidence to convict the appellant of murder in the first degree in a trial by the court without a jury. The accused, a negro boy eighteen years of age, was sentenced to life imprisonment. It was shown that as he was returning home about 10:30 P. M., he joined a group of boys, two of whom were fighting, and got into an

argument with his older brother. The appellant ran home, obtained his father's rifle, which he had previously loaded with stolen ammunition, and returned with the intention, as he admitted to the police, to shoot his brother. Another boy attempted to dissuade the appellant and disarm him. The appellant threatened to shoot him, and the boy said if he wanted to play that way, he would get his brother's gun. The appellant shot him in the back as he was running away. There was testimony that he had raised the gun to his shoulder when the shot was fired.

We think the evidence was sufficient to support the court's finding. There was sufficient time for deliberation and premeditation. Cf. *Brown v. State,* 220 Md. 29, 39, *Webb v. State,* 201 Md. 158, 163, and *Jones v. State,* 188 Md. 263, 273. The threat to the brother could properly be considered on these points. The trial court could properly find that the act of the accused was wilful, and malice may be inferred from the use of a deadly weapon directed at a vital part of the body. *Wimbush v. State,* 224 Md. 488, 489. The trial court was not required to believe that the shooting was an accident. *Hines v. State,* 223 Md. 251, 253.

*Judgment affirmed.*