**Mark A. JACKSON, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2007.

Decided Sept. 27, 2007.

Mark A. Jackson, petitioner, pro se.

Carol J. Mowery, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Mark A. Jackson (Claimant), *pro se*, petitions for review from an order of the Unemployment Compensation Board of Review (Board), which affirmed an order of an unemployment compensation referee (referee) denying Claimant benefits under the Unemployment Compensation Law (Law).[1] We affirm.

Claimant worked for Rohm and Haas Company (Employer) from January 1992 until August 2000. Claimant stopped working due to health-related reasons and received benefits through Employer's long-term disability plan. On April 16, 2006, Claimant filed an application for unemployment compensation benefits. The Philadelphia UC Service Center (Service

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

Center) determined that Claimant was not financially eligible for benefits. Claimant timely appealed the Service Center's determination to a referee.

A hearing before the referee then ensued. The referee determined that Claimant was ineligible for benefits pursuant to Section 401(a)[2] of the Law, and Section 204(b) of the Pennsylvania Workers' Compensation Act (WCA)[3] and affirmed the Service Center's determination. Claimant timely appealed to the Board. The Board took no further evidence and adopted the findings of the referee, which are summarized as follows.

Claimant's unemployment compensation application stated a base year period from January 1, 2005 to December 31, 2005, said period being the first four calendar year quarters of the fiscal quarters preceding his unemployment compensation application. Claimant did not work for any employer and received no wages during the stated base year. Claimant received disability benefits from Employer's insurance carrier for the period from August of 2000 through March 10, 2006 due to his experiencing a disability caused by emotional distress and anxiety. The record does not show that Claimant filed a claim under the WCA, as a result of these health problems. The record does not show that Claimant's health issues are compensable under the WCA. Claimant requested to have a moveable base year in accordance with Section 204(b) of the Law.

Based upon these findings, the Board concluded that Claimant cannot utilize the disability payments he received from Employer's insurance carrier for his disability as such payments are not considered "wages" within the meaning of Section 4(x)(2) of the Law, 43 P.S. § 753. As a result, Claimant does not have the minimum high quarter or total wage qualifying amount during his base year period, and therefore, Claimant is financially ineligible for benefits under the Law. The Board also concluded that Claimant was not entitled to a movable base year pursuant to Section 204(b) of the WCA because his disability is not compensable under the WCA. By order dated October 13, 2006, the Board affirmed the decision of the referee denying benefits.

From this decision, Claimant petitions for review with this Court.[4] Claimant

---

**2.** Section 401(a) of the Law reads:
Compensation shall be payable to any employe who is or becomes unemployed, and who—
(a) Has, within his base year, been paid wages for employment as required by section 404(c) of this act: Provided, however, that not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.
43 P.S. § 801(a).

**3.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71. Section 204(b) of the WCA reads:
For the exclusive purpose of determining eligibility for compensation under the ... "Unemployment Compensation Law," any employe who does not meet the monetary and credit week requirements under section 401(a) of [the Law] due to a work-related injury compensable under this act may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.
77 P.S. § 71 (citation omitted).

**4.** This Court's review of the Board's decision is set forth in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, which provides that the Court shall affirm unless it determines that the adjudication is in violation of the claimant's constitutional rights, that it is not in accordance with law, that provisions relating to practice and procedure of the Board have been violated, or that any necessary findings of fact are not supported by substantial evidence. *See Porco v. Unemployment Compensation Board of Review*, 828

presents the following issues for our review:

1. Whether Claimant is ineligible for benefits under the Law simply because he was not actually compensated under the WCA.

2. Whether Claimant's injury/disability was already determined to be compensable under the WCA by Pennsylvania courts.

3. Whether Employer conceded that Claimant's injury/disability was compensable under the WCA by sending Claimant papers, at each stage of the appeal of the previous state court action, in an attempt to convert Claimant from disability to workers' compensation.

4. Whether Claimant is required to concede that his disabling injury was work-related in order to invoke the protections of Section 204(b) of the WCA even where Claimant was challenging the determination that his injury was work-related as having been procured by extrinsic fraud upon the Pennsylvania courts.

5. Whether Claimant was required to file a claim petition for workers' compensation to invoke the protections of Section 204(b) of the WCA even when Claimant was challenging the determination that his injury was work-related as having been procured by extrinsic fraud upon the Pennsylvania courts.

In essence, Claimant contends that he is not financially ineligible for benefits under the Law simply because he was not actually compensated under the WCA. Claimant asserts that his injury/disability has been determined to be compensable under the WCA by Pennsylvania courts and that Employer has conceded as much, and therefore Claimant is entitled to have his base year consist of the four quarters preceding the work injury in order to meet the Law's financial eligibility requirements. We disagree.

A claimant bears the burden of proving his financial eligibility for unemployment benefits. *Cugini v. Unemployment Compensation Board of Review*, 511 Pa. 264, 512 A.2d 1169 (1986). Section 401(a) of the Law, 43 P.S. § 801(a), provides for the payment of compensation to any unemployed person who has been paid sufficient qualifying wages, as required by Section 404 of the Law, 43 P.S. § 804, for employment during his base year. Any employee who does not meet the monetary and credit week requirements under Section 401(a) of the Law due to a work-related injury "compensable under" the WCA, may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury. Section 204(b) of WCA, 77 P.S. § 71(b).

In *Richards v. Unemployment Compensation Board of Review*, 564 Pa. 375, 768 A.2d 852 (2001), our Supreme Court examined the language of Section 204(b) of the

A.2d 426 (Pa.Cmwlth.2003). An adjudication cannot be in accordance with the law if it is not decided on the basis of law and facts properly adduced; therefore, appellate review for the capricious disregard of material, competent evidence is an appropriate component of appellate consideration if such disregard is properly before the reviewing court. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d

478 (2002). When determining whether the Board capriciously disregarded the evidence, the Court must decide if the Board deliberately disregarded competent evidence that a person of ordinary intelligence could not conceivably have avoided in reaching a particular result, or stated another way, if the Board willfully or deliberately ignored evidence that any reasonable person would have considered to be important. *Id.* at 487 n. 12; *Porco.*

WCA and drew a distinction between a compensated injury and an injury compensable. The Court explained that a compensable injury may have occurred, although it was not compensated. *Richards; see City of McKeesport v. Workers' Compensation Appeal Board (Miletti)*, 560 Pa. 413, 746 A.2d 87 (2000). A claimant's receipt of compensation does not necessarily establish an entitlement to that compensation. *Richards.* The Court explained:

> A compensable injury has acquired a particularized meaning through case law, which requires a claimant to demonstrate a causal relationship between the injury and employment to establish compensability. *See, e.g., Fotta v. WCAB (U.S.Steel)*, 534 Pa. 191, 194, 626 A.2d 1144, 1146 (1993). Even with the necessary causal relationship, an injury is not compensable unless it results in some disability, i.e., a loss of earning power. *See generally Vista Int'l Hotel v. WCAB (Daniels)*, 560 Pa. 12, 23–24, 742 A.2d 649, 655–56 (2000 [1999]); *Inglis House v. WCAB (Reedy)*, 535 Pa. 135, 142, 634 A.2d 592, 596 (1993). Furthermore, a work-related injury may not be compensable because it is barred by a procedural provision of the WCA. *See* 77 P.S. § 602 (requiring the filing of a claim petition within three years of the date of injury); *see also* 77 P.S. § 631 (mandating the provision of notice to the employer within 120 days of the injury).

*Id.* at 384 n. 9, 768 A.2d at 857 n. 9. Thus, a work-related injury need not be *compensated* under the WCA for benefit eligibility purposes under the Law, but need merely be *compensable. Id.*; *Finfinger v. Unemployment Compensation Board of Review*, 854 A.2d 636 (Pa.Cmwlth.2004) (This Court confirmed that an injury need necessarily not be compensated in order to be compensable).

Here, Claimant maintains that although he was not compensated under the WCA, Claimant's injury/disability has been determined to be compensable under the WCA by Pennsylvania courts. The determination to which Claimant is referring relates to a lawsuit Claimant initiated against Employer in 1999, wherein Claimant alleged, *inter alia*, invasion of privacy and intentional infliction of emotional distress because Employer had aggressively questioned him regarding a claim of sexual assault lodged against him by a co-worker. Following a jury trial, Claimant was awarded $150,000 and Employer filed a motion for judgment notwithstanding the verdict. In 2002, the Court of Common Pleas of Philadelphia (trial court) granted Employer's motion and held that Claimant's action was barred by the WCA, which provides the exclusive remedy for injuries sustained in the course of employment. *Jackson v. Rohm and Haas Company*, 56 Pa. D. & C. 4th 449 (2002). On appeal, the Superior Court affirmed in an unpublished opinion. *Jackson v. McCrory* (Pa.Super., No. 1710 EDA 2002), 833 A.2d 1155 (memorandum opinion filed July 31, 2003).

Based upon this adjudication, Claimant asserts that he has established that his injury/disability is work-related and compensable under the WCA. Claimant's reading of the trial court's holding, however, is overbroad. The trial court merely held that the WCA provides the exclusive remedy for Claimant's injuries. Neither the trial court, nor the Superior Court held that Claimant's injuries are in fact compensable under the WCA. Assuming that Claimant has established that his injury was work-related through these court proceedings, Claimant has not shown that his injury resulted in a loss of earning power.

Additionally, Claimant has not filed a claim for workers' compensation. At this

point, any claim for the injury, which occurred in 1999, is time-barred by the procedural provisions of the WCA. As a result, Claimant has failed to establish that his injury is "compensable" under the WCA. *See Richards.* We, therefore, conclude that the Board did not err in determining that Claimant is ineligible for benefits under the Law.

Accordingly, we affirm.

### ORDER

AND NOW, this 27th day of September, 2007, the order of the Unemployment Compensation Board of Review, at Decision No. B–455258, dated October 13, 2006 is AFFIRMED.