# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yomira Pena Felix,  :
                    Petitioner  :
                                :
          v.                    :  No. 1016 C.D. 2021
                                :  Submitted: March 11, 2022
Unemployment Compensation       :
Board of Review,                :
                    Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER        FILED: August 4, 2022


Yomira Pena Felix (Claimant), pro se, petitions for review of the Order of the Unemployment Compensation Board of Review (Board) that affirmed a Referee's Decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1]  Claimant argues that her appeal was timely filed because her father (Father) faxed the appeal on the last day to file the appeal, and that the Board erred in rejecting Claimant's evidence reflecting that the fax was timely sent.  Upon a review of the evidence presented by Claimant and the Board's credibility determinations, we are constrained to affirm.

---

[1] Act of December 6, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).  At the time relevant to this appeal, Section 501(e) provided that "[u]nless the claimant . . . files an appeal with the [B]oard, from the determination . . . within fifteen days . . . , and applies for a hearing, such determination . . . shall be final . . . ."  *Formerly* 43 P.S. § 821(e).  Section 501(e) was amended by Section 3 of the Act of June 30, 2021, P.L. 173, and, as of July 24, 2021, there are 21 days to file an appeal.  43 P.S. § 821(e).

## I. BACKGROUND

Claimant worked as a full-time nursing assistant for UPMC Pinnacle Memorial (Employer), until she was discharged on August 31, 2020, for job abandonment. Claimant filed a claim for unemployment compensation (UC) benefits, which a UC Service Center denied via a Notice of Determination mailed on November 24, 2020. The UC Service Center concluded that Claimant's actions showed a disregard of the standards of behavior that Employer had the right to expect, and Claimant had not established good cause for her actions. Therefore, it held that Claimant engaged in willful misconduct and was ineligible for UC benefits pursuant to Section 402(e) of the Law, 43 P.S. § 802(e). The Notice of Determination stated that "[t]he final day to file a timely appeal to this determination is December 9, 2020." (Certified Record (C.R.) at 25.) The Notice of Determination also indicated, among other things, that if an appeal was filed by fax, "the appeal is filed on the date of receipt imprinted by the receiving fax machine," and that a party appealing by fax was "responsible for any delay, disruption, or interruption of electronic signals and the readability of the appeal, and . . . accept[ed] the risk that the appeal may not be properly or timely filed." (*Id.* at 26.)

Claimant faxed an appeal, which the Certified Record reflects was stamped received by the UC Service Center on December 10, 2020, at 7:37 a.m. (*Id.* at 31.) A telephone hearing was held, at which both Employer and Claimant appeared represented by counsel. Both parties submitted evidence related to the merits of the appeal, and Claimant offered evidence regarding the timeliness of her appeal. As to the timeliness of the appeal, Claimant testified that she filed the appeal on December 9, 2020. In support of her testimony, Claimant submitted copies of photographs of two paper Fax Logs, but those copies were not entirely clear. (*Id.* at 122-23.)

2

According to Claimant, the first Fax Log established that Father faxed her appeal on December 9, 2020, to the number on the Notice of Determination, and the second Fax Log showed that Father faxed a second appeal on December 10, 2020, to the same number. (*Id.* at 148-49.) Claimant testified that there were three pages to the first fax, which were her "forms." (*Id.* at 148.) Claimant explained that when the first appeal was initially sent on December 9, 2020, the fax number "was busy . . . [a]nd it didn't go through," and Father sent the second appeal on December 10, 2020, to make sure all the documents went through. (*Id.* at 149.)

The Referee issued the Decision and made the following findings of fact.

1. The [C]laimant was employed as a full-time nursing assistant from December 16, 2019[,] to August 31, 2020[.]

2. By determination dated November 24, 2020, the UC Service Center found the [C]laimant ineligible for benefits pursuant to Section 402(e) of the . . . Law beginning with compensable week ending September 5, 2020.

3. A copy of that Notice of Determination was mailed to the [C]laimant at her last known post office address on the same date.

4. The postal authorities did not return that transmittal as undeliverable.

5. The Notice of Determination clearly stated that the [C]laimant had fifteen (15) days in which to file a timely appeal to that determination and the last day to file an appeal was December 9, 2020.

6. The [C]laimant did not file an appeal on or before December 9, 2020[,] but waited until December 10, 2020[,] to file an appeal to that Notice of Determination.

7. The [C]laimant was not misinformed nor [sic] in any way misled regarding the right of appeal.

3

(Referee's Decision, Findings of Fact ¶¶ 1-7.)[2]  The Referee noted that Section 501(e) required an appeal to be filed within 15 days, and, "absent an adequate excuse for the late filing," an untimely appeal had to be dismissed.  (Referee's Decision at 2.)  Citing Section 101.82(b)(3) of the Board's Regulations, 34 Pa. Code § 101.82(b)(3), which governs the filing of appeals by fax and identifies the risks associated therewith, the Referee explained "[t]he fax receipt date printed by the UC Service Center is legible" and the Fax Log for December 9, 2020, offered by Claimant "contain[ed] no information identifying it as memorializing the transmission of the [C]laimant's petition for appeal." (*Id.* at 3.)  The Referee concluded that, "[b]ased upon a review of the competent, credible evidence of record, . . . the reasons given by the [C]laimant for a failure to file a timely appeal do not establish circumstances that justify accepting an appeal filed late." (*Id.*)  The Referee held that because more is required than a mere hardship to justify an extension of time under the principle of *nunc pro tunc*, and Claimant did not show any non-negligent conduct, fraud, or administrative breakdown, Claimant's appeal was untimely and dismissed the appeal.

Claimant appealed to the Board and filed a brief, arguing that, pursuant to *Wright v. Unemployment Compensation Board of Review*, 41 A.3d 58 (Pa. Cmwlth. 2010), Claimant's testimony and the first Fax Log established that the appeal was filed on December 9, 2020.  Upon its review of the record, the Board disagreed, stating:

> The [C]laimant failed to establish sufficient reason to treat her appeal as timely.  At the hearing, the [C]laimant testified her [F]ather faxed over her forms on December 9.  The [C]laimant's [F]ather failed to testify.  The undeveloped fax receipt coupled with a missing important

---

[2] The Referee's Decision is found at pages 163-67 of the Certified Record.

4

firsthand witness is not enough to meet the heavy burden of proof here. The Board does not credit the [C]laimant's testimony.

(Board's Order.)[3]  Accordingly, the Board concluded that the Referee's Decision was proper under the Law, adopted and incorporated the findings of fact and conclusions set forth therein, and affirmed the dismissal of Claimant's appeal. Claimant now petitions this Court for review.[4]

## II. PARTIES' ARGUMENTS

On appeal, Claimant argues the Board erred in finding that she did not meet her burden of proving that her appeal was timely because she did not provide the firsthand testimony of Father.  According to Claimant, neither her attorney at the time nor the UC authorities advised her that such testimony was necessary, and she attaches to her brief an affidavit from Father attesting to when he faxed the appeal. (Claimant's Brief (Br.), Exhibit 1.)  Claimant further argues that although the Board described her "fax log summary as undeveloped," the Fax Logs legibly displayed the times and dates of the faxes and the fax number, which support the finding that

---

[3] The Board's Order is found at page 199 of the Certified Record.

[4] Although both parties presented evidence on the merits of Claimant's appeal, only Claimant presented evidence regarding the timeliness of that appeal.  Therefore, "this Court's review is limited to a determination of whether the Board capriciously disregarded competent evidence, whether there has been a constitutional violation, or whether the Board committed an error of law." *Wright*, 41 A.3d at 62 n.5.  The standard for capricious disregard is as follows:

> When determining whether the Board capriciously disregarded the evidence, the Court must decide if the Board deliberately disregarded competent evidence that a person of ordinary intelligence could not conceivably have avoided in reaching a particular result, or stated another way, if the Board willfully or deliberately ignored evidence that any reasonable person would have considered to be important.

*Id.* (quoting *Jackson v. Unemployment Comp. Bd. of Rev.*, 933 A.2d 155, 156 n.4 (Pa. Cmwlth. 2007)).

her appeal was timely faxed. (Claimant's Br. at 8-10.) Claimant further asserts that the fact that the Board received an appeal on December 10, 2020, at 7:37 a.m., which had to be her first appeal because it was received prior to Father's faxing the second appeal, reflects a problem with how the fax was received by the UC Service Center. Claimant contends that this evidence, along with her testimony, establishes that her appeal was timely filed and that she should not be responsible if her faxed appeal was somehow mishandled.

The Board responds it did not err in dismissing Claimant's appeal as untimely because Section 101.82(b) of its Regulations specifically governs appeals filed by fax and that provision establishes that the appeal date is the date the appeal is received by a UC Service Center. The Board maintains there is no dispute that Claimant's appeal was received, as reflected by the receipt date imprinted on the appeal, on December 10, 2020, which left it without jurisdiction. The Board asserts that, although Claimant argues that she had Father fax the appeal on December 9, 2020, and she cannot be responsible for how her submissions were handled, these arguments are contrary to Section 101.82(b) of its Regulations and it did not credit Claimant's testimony. Finally, the Board argues that *Wright* is factually distinguishable and does not require a different result.

## III. DISCUSSION

The version of Section 501(e) of the Law that governed Claimant's appeal of the UC Service Center's Determination provided:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment [of Labor & Industry (Department)] under section five hundred and one (a), (c) and (d), **within fifteen calendar days** after such notice was delivered to [the claimant] personally, or was mailed to [the claimant's]

6

last known post office address, and applies for a hearing, **such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final** and compensation shall be paid or denied in accordance therewith.

*Formerly* 43 P.S. § 821(e) (emphasis added). This statutory time frame was similarly memorialized in the Board's Regulations. *See former* 34 Pa. Code § 101.82(a)[5] ("A party seeking to appeal a Department determination shall file an appeal . . . on or before the 15th day after the date on which notification of the decision of the Department was . . . mailed to [the party] at [their] last known post office address."). "It is well-settled the statutory time limit for filing an appeal is mandatory" and, if a determination becomes final due to the passing of that time limit, "the Board loses jurisdiction to consider the matter." *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Rev.*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009). The party appealing bears the burden of proving the timeliness of the appeal. *Wright*, 41 A.3d at 62 n.5.

A party may appeal a determination of a UC Service Center via fax. 34 Pa. Code § 101.82(b)(3). The Board's Regulation addressing such appeals states:

(3) *Fax transmission.*

    (i)    The filing date will be determined as follows:

        (A) The date of receipt imprinted by the Department, the workforce investment office or the Board's fax machine.

        (B) If the Department, the workforce investment office or the Board's fax machine does not imprint a legible date, the date of transmission imprinted on the faxed appeal by the sender's fax machine.

---

[5] With the amendment to Section 501(e) that extended the appeal period to 21 days as of July 24, 2021, Section 101.82(a) of the Board's Regulations was similarly amended.

(C) If the faxed appeal is received without a legible date of transmission, the filing date will be the date recorded by the Department appeal office, the workforce investment office or the Board when it receives the appeal.

(ii) A party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.

(iii) A fax transmission is timely filed if it is received by the Department appeal office, workforce investment office or Board before midnight on the last day of the appeal period in accordance with this subsection.

34 Pa. Code § 101.82(b)(3). The Board's Regulation sets out how to determine the filing date of an appeal that is faxed, and the Board must follow its own Regulations to determine the perfection date of an appeal. *Edwards v. Unemployment Comp. Bd. of Rev.*, 639 A.2d 1279, 1281 (Pa. Cmwlth. 1994); *see also Francis v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 8 C.D. 2019, filed Jan. 9, 2020), slip op. at 5.[6] However, we have recognized that, in the absence of a timely appeal document in the Board's record, if there is evidence that an appeal was sent, the Board should consider the evidence and determine whether the appeal was timely. *Wright*, 41 A.3d at 63.

The only appeal in the record is the one the UC Service Center's fax machine stamped received on December 10, 2020, which is untimely. (C.R. at 31-34.) At the hearing before the Referee, Claimant provided her own testimony regarding Father's faxing the appeal on December 9, 2020, and she offered copies of

---

[6] Pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), unreported opinions, while not binding on this Court, may be used for their persuasive value.

8

photographs of the Fax Logs. Claimant argues that this is sufficient evidence, along with Father's affidavit, to show that the appeal was timely filed. Upon reviewing the record and the Board's express evidentiary weight determinations, we are constrained to agree with the Board that *Wright* is distinguishable and that Claimant did not meet her burden of proving the timely filing of her appeal.

In *Wright*, the timeliness of an alleged appeal by fax transmission was also at issue. There, the Board received the claimant's untimely appeal of a UC Service Center's determination via fax on August 11, 2010. The claimant testified that he refaxed the appeal after realizing that the Board did not receive his first fax transmission on July 9, 2010, which would have been timely. In addition to his own testimony, the claimant presented the testimony of his father, who faxed the appeal, and an account log from the father's telephone/facsimile carrier to show the fax was successfully submitted. Also in the record was a statement by an uninterested party at the father's office conveying that the father faxed an appeal on July 9, 2010. This Court concluded that the statement noted that the August 11, 2010 fax "was merely a copy of the appeal originally faxed on July 9, 2010." *Wright*, 41 A.3d at 62-63. The Referee credited the testimony and documents and ruled that the appeal was timely. The employer appealed to the Board regarding the merits, not whether the appeal was timely. However, the Board determined that the claimant's appeal was untimely. In doing so, the Board did not acknowledge or discredit any of the evidence the claimant presented related to the initial faxed appeal in July 2010. Instead, the Board only made a finding that the claimant appealed via fax on August 11, 2010.

On appeal, we concluded the Board erred by not issuing any findings of fact or conclusions of law regarding the alleged July 9, 2010 fax when it overruled the

9

Referee and deemed the appeal untimely. *Id*. at 67. This Court faulted the Board for making "**no finding** that the earlier transmitted appeal, the appeal that is the basis for the Referee's decision on timeliness, was not properly or timely filed." *Id*. (emphasis added). Furthermore, this Court noted that the Board "capriciously disregarded th[e] evidence when it focused solely on the August 11, 2010 fax transmission in its record." *Id*. Therefore, we reversed the Board's decision and remanded for a determination to be made on the employer's appeal.

In contrast to the record and the Board's disregard of the evidence in *Wright*, the Board here weighed Claimant's evidence and found it insufficient to meet her burden of proving that the appeal was timely filed. Notably, Claimant presented less evidence of the alleged timely appeal than the claimant in *Wright*. Claimant did not present any testimony of Father, who purportedly faxed the appeal. While Claimant asks this Court to consider Father's affidavit, unfortunately we may not do so because it was not presented to the Referee or the Board and, therefore, is not a part of the certified record on appeal. *Umedman v. Unemployment Comp. Bd. of Rev.*, 52 A.3d 558, 564 (Pa. Cmwlth. 2012). Thus, the only evidence is Claimant's testimony and the Fax Logs, the latter of which provided no information as to **what** was faxed to the Board. This is distinguishable from the claimant in *Wright*, who produced a full copy of what allegedly had been originally faxed, along with the testimony of the sender of the fax and a coworker who confirmed the sending of the fax. Further, the Board did not, as it had in *Wright*, ignore Claimant's evidence. Rather, the Board weighed the evidence, did not credit Claimant's testimony, which included statements that Father faxed the appeal on December 9, 2020, but also, interestingly, that the fax line "was busy" and the fax "didn't go through," (C.R. at 149), and found the other evidence insufficient to meet Claimant's burden of proof

10

due to the "undeveloped" nature of the Fax Logs and the lack of firsthand knowledge as to what was actually faxed on that date, (Board's Order).

As the Board is the ultimate finder of fact, we are constrained by the record and the findings made by the Board if they are supported by substantial evidence. *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1389 (Pa. 1985). The Board is "required to explain its decision in sufficient detail to permit meaningful appellate review." *Id.* We recognize that, in determining whether the fact finder capriciously disregarded evidence, we "may not reweigh the evidence or make credibility determinations." *Wise v. Unemployment Comp. Bd. of Rev.*, 111 A.3d 1256, 1263 (Pa. Cmwlth. 2015). We have said "[t]he express consideration and rejection of [] evidence, by its definition, is not a capricious disregard" of the evidence. *Reices v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 762 C.D. 2020, filed May 14, 2021), slip op. at 9 (quoting *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807, 816 (Pa. Cmwlth. 2004) (alteration in the original)). Here, the Board expressly considered Claimant's evidence, rejected that evidence as not credible and/or insufficient to support that the appeal was timely filed, and provided an explanation for those decisions. (Board's Order.) These findings are supported by the evidence and are not inconsistent with *Wright*.[7] Therefore, we cannot say it was error for the Board to find the appeal untimely filed.

Having concluded that Claimant's appeal was untimely, we next consider whether Claimant is entitled to *nunc pro tunc* relief. An appeal *nunc pro tunc* is warranted when there was a delay in filing due to extraordinary circumstances which involve fraud, a breakdown in the administrative process, or non-negligent conduct

---

[7] This holding is consistent with this Court's decision in *Watson v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 907 C.D. 2019, filed April 29, 2020), in which we affirmed the dismissal of an appeal as untimely on very similar facts.

by a petitioner, a petitioner's counsel, or a third party. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996). Claimant argues that she testified that Father faxed the appeal documents on December 9, 2020, and that something must have happened to the fax. However, the Board is the finder of fact and decides credibility issues, and the Board did not credit Claimant's testimony. *Peak*, 501 A.2d at 1389. We cannot overturn these findings. Furthermore, although Claimant argues she should not be held responsible for how or when her faxed appeal documents were received, the Board's Regulation expressly places responsibility on the party filing an appeal by fax. 34 Pa. Code § 101.82(b)(3)(ii). Ultimately, Claimant chose to file the appeal by fax and, in doing so, "accept[ed] the risk that the appeal may not be properly or timely filed." *Id.* Therefore, Claimant has not proven that she is entitled to *nunc pro tunc* relief.

## IV. CONCLUSION

Based on the foregoing reasons, we are constrained to affirm the Board's Order dismissing Claimant's appeal as untimely.

_____
**RENÉE COHN JUBELIRER,** President Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yomira Pena Felix,                :
               Petitioner    :
                        :
         v.            :    No. 1016 C.D. 2021
                        :
Unemployment Compensation   :
Board of Review,            :
              Respondent   :

# **O R D E R**

**NOW**, August 4, 2022, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge